## R. S. WILLIS V. E. E. SMITH.

### (Case No. 1761)

1. EQUITY OF REDEMPTION—DECREE OF FORECLOSURE AND SALE—PURCHASER AFTER DECREE AND BEFORE SALE—The equity of redemption is not extinguished by a decree of foreclosure, until the decree is executed by sale; but one who purchases after the decree and before the sale thereunder, becomes the owner of the right to redeem.

2. INTEREST IN LAND—PURCHASER AT EXECUTION SALE—FAILURE OF SHERIFF TO RETURN EXECUTION OR TO EXECUTE DEED—One's interest in land, acquired by purchase at execution sale, is not destroyed by the failure of the sheriff to return the execution or to execute a deed to the purchaser.

3. WILLS—EXECUTORS—A POWER TO SELL, NO AUTHORITY TO ENCUMBER BY MORTGAGE—A power to sell property, conferred by will upon executors, does not authorize them to encumber it by mortgage or trust deed.

4. STATUTE CONSTRUED—JUDGMENT LIENS—ABSTRACT OF JUDGMENT—It is not necessary under the statute relating to judgment liens (Rev. Stat., arts. 3155–3159), for the abstract of judgment to specify the character in which the parties are charged. The object of the statute is not to encumber the registry with full information, but to excite inquiry and indicate the source of such information.

5. SAME—INDEX TO ABSTRACTS OF JUDGMENTS—PRESUMPTION—EVIDENCE—Neither does the statute require that the index be dated. But the presumption, in the absence of a date, would be that the officer did his duty, and made the index contemporaneously with the registration of the abstract.

6. SAME—JUDGMENT LIEN—DECREE OF FORECLOSURE—CONTRACT LIEN—The statute requiring an execution to issue within twelve months, to preserve a judgment lien, has no reference or application to decrees establishing and foreclosing contract liens.

7. CHARGE OF COURT—VERDICT—See facts for charge of court and verdict of jury held erroneous, under the facts.

APPEAL from Brazoria. Tried below before the Hon. W. H. Burkhart.

This suit was instituted November 8, 1882, in the district court of Brazoria county, by E. E. Smith against R. S. Willis, for the recovery of a league of land situated in that county, known as the David Tally league, and for $17,000 damages for use and occupancy, etc.

The amended original petition, filed November 6, 1883, alleged that plaintiff was, on the first Tuesday in August, 1881, and continued to be, the owner and entitled to the possession of the Tally league of land, situated in Brazoria county, Texas, (describing it by metes and bounds); that, afterwards, to-wit, on August 2, 1881, the defendant, R. S. Willis, unlawfully entered upon and dispossessed plaintiff of the same and still withheld from him the possession, to plaintiff's damage $100,000. The petition further alleged that one thousand acres (known as the Darrington plantation) of the aforesaid league were, at the time of the defendant's alleged trespass, highly

improved and in a good state for cultivation, of sugar cane, with a large sugar-house and machinery for converting the cane into sugar and molasses, and with other houses and general plantation improvements of good quality ; all of which the defendant had, since August 2, 1881, used and enjoyed, to the exclusion of the plaintiff and in disregard of his rights ; and that the defendant had, during the same time, destroyed about five thousand trees growing upon the land, of the reasonable value of $5,000.

The petition further averred that the defendant was setting up a pretended title in himself to the league of land, and that plaintiff's own title and the pretended title of the defendant were deraigned from a common source, that is to say, from one Sterling Blackwell and his heirs, through their vendee, B. H. Epperson.

The petition further alleged that the defendant claimed title to an undivided five-sixths of the land, under and by virtue of a pretended sheriff's sale of the same, made on November 1, 1881, subsequent to the accrual of plaintiff's title and right of possession as thereinafter set forth, which pretended sale was made by the sheriff of Brazoria county, under and by virtue of a writ of execution or order of sale issued out of the district court of Marion county, Texas, upon a judgment purporting to be in favor of E. H. Campbell, as plaintiff, and R. S. Willis and Harriet A. McGregor, as intervenors, against J. P. Russell et al., as executors of B. H. Epperson, deceased, in suit No. 2750, at which sale R. S. Willis bid the sum of $2,000 ; that the defendant was the real and sole owner of the debts and claims for which that judgment was rendered, and was the sole owner of the judgment both at the time of the rendition and at the time of the pretended sale, at which defendant was the purchaser, and paid no money upon his bid, but had the same was credited on that judgment.

The petition specially denied that the sale was made under or by virtue of a valid execution or order of sale.

The petition charged, that the sale was irregular, and, as between the purchaser thereat and the plaintiff, null and void; because the pretended execution was levied on the land, on August 2, 1881, and the land was advertised for sale on the first Tuesday in September, 1881, and the sheriff, on that day and on the first Tuesday in October, 1881, continued the sale without authority of law, and by such continuances, with the knowledge and acquiescence, and at the instance of the defendant, fair competition was prevented ; that the postponement of the sale was for the purpose of enabling the defendant to have another execution, pretended to have been issued in the case of W. B. Ward v. J. P. Russell et al., as executors

of B. H. Epperson, deceased, the judgment in which case was no lien on the land, levied thereon, which judgment and execution were also owned and controlled by defendant; that the latter judgment was for $5,027.24 principal, besides interest at the rate of twelve per cent. per annum from 1879, and was a foreclosure of a lien on a large quantity of land, other than the land in controversy, which had previously been sold to satisfy that judgment, and to a great extent did satisfy it, yet the pretended execution directed to the sheriff of Brazoria county was for the full amount of the judgment, and did not state the true amount due thereon; that a levy of such execution, issued in the case of W. B. Ward v. J. P. Russell et al., executors as aforesaid, was made by the sheriff, at the instance of defendant, on the land in controversy, on September 9, 1881, subsequent to the accrual of plaintiff's title, and the land was advertised for sale on the first Tuesday in September, 1881, but such sale was without lawful authority, and was, for the purpose of preventing fair competition, by the sheriff, at the instance of the defendant, postponed till the first Tuesday in November, 1881, when the land was bid in by M. L. Crawford, as agent and attorney of defendant, under this pretended execution, at and for the sum of $100; that Crawford did not pay the $100, but the same, less the costs of sale, were credited on the judgment; that the levy of the last named execution was not pretended to be made upon the land as the property of the estate of B. H. Epperson, deceased, but as the property of J. P. Russell and R. B. Epperson, and that the execution, if any such there was, was returnable before the day of sale.

The petition further alleged, that defendant claimed to have purchased an undivided one-half of the land in controversy at a sale made by the sheriff of Brazoria county on April 4, 1882, subsequent to the accrual of plaintiff's title, under and by virtue of an execution or order of sale issued out of the district court of Marion county, Texas, in the case of Sallie Dickson v. J. P. Russell et al., No. 2778, at which sale defendant bid the sum of $200, and the land was struck off to him, and this bid was credited on the judgment, the defendant then owning or controlling the judgment.

The petition further averred that plaintiff did not admit any judgment, execution or sale, or any other process, act or proceeding, under which the defendant claimed title to the land, but that the same were alluded to only for the purpose of enabling plaintiff to attack their validity, and to show the common source of title.

That if there was any such order of sale as that before mentioned

issued upon any judgment in favor of Sallie Dickson, in case No. 2778, such judgment was dormant, and the lien thereof, if any there ever was, was lost before the issuance of such order of sale or execution; for that no execution was issued on the judgment within twelve months after its rendition; that the judgment, if any such judgment there was, was rendered on May 20, 1880, and no execution was issued thereon until February 15, 1882.

That plaintiff was not a party to either of these suits or proceedings, and had no actual notice of their pendency or the nature of the judgments rendered in them, or any of them, and had no actual notice or knowledge of the issuance of any of the executions or orders of sale in the cases of E. H. Campbell v. J. P. Russell et al., W. B. Ward v. J. P. Russell et al. and Sallie Dickson v. J. P. Russell et al., therein-before mentioned, or of the pretended levies of such writs, or of the sales thereunder, until after the sales had been made; that at the time or times the transactions occurred, if ever they did in fact occur, plaintiff was not a resident of Brazoria county, nor was he a resident of Marion county.

The petition further alleged that defendant set up superior title to the land in controversy in the firm of P. J. Willis & Bro., of which firm defendant had been a member, and was then the surviving part-ner, P. J. Willis being dead, and the firm having been composed of P. J. Willis and R. S. Willis; that the pretended title so set up was derived from a sale of the land, together with a large quantity of personal property, consisting of mules, horses, wagons, farming implements, and all personal property of whatever description, that was on, and belonged to the land at the time the sale was made; that this sale was made by one Thomas F. Lawson, as trustee, under deed of trust executed to him by E. S. Epperson, J. P. Russell and R. B. Epperson, dated February 20, 1879, pretending to convey the land to Lawson in trust to secure two notes by them executed to P. J. Willis & Brother, of even date therewith, aggregating $22,196.51, and payable, respectively, at one day and at ten months after their date.

The petition denied that the notes were for an indebtedness of the estate of B. H. Epperson, deceased, but alleged that they and the deed of trust were the act and deed of E. S. Epperson, J. P. Russell and R. B. Epperson, in their individual capacity only, and not as executors of the last will and testament of B. H. Epperson, deceased; and that the deed of trust in hypothecating the land, and in all its terms and conditions, was in excess of the powers conferred upon the executors by the will of B. H. Epperson, deceased.

That at the sale by Lawson, all of the land and all of the personal

property were cried off together in bulk, at one and the same time, and was bid off by P. J. Willis & Brother for the sum of $100, while the same was then reasonably worth $100,000, and the sale included another tract of 2,200 acres of land worth $11,000, which price was grossly inadequate; that, at the time of the sale, the property, both real and personal, was all in Brazoria county, Texas, and the sale was made in Galveston county; that the bid of $100 was credited on the debt secured by the deed of trust, and no money was paid thereon by the purchasers; that Thomas F. Lawson was, at the time of the sale, in the regular employ of P. J. Willis & Brother, to look after and attend to their landed interests and the collection of debts due them; that none of the property was exhibited at the sale, but the same remained in Brazoria county; that the league of land was, at the time of each of the sales, reasonably worth the sum of $75,000, and that the prices at which the same was sold at the several sales were totally inadequate; that all of the pretended incumbrances and liens, apparently existing and claimed by the defendant as existing upon the land, which were calculated to deter bidders at the sales, were created or placed upon it by the defendant, or by his procurement, and all other persons were deterred thereby from bidding at the sales.

That plaintiffs' own title to the land was deraigned from the same common source, through a sale made by the sheriff of Brazoria county, Texas, on August 2, 1881, under and by virtue of an execution issued out of the district court of Marion county, Texas, upon a judgment rendered in favor of plaintiff, against J. P. Russell and R. B. Epperson, as executors of B. H. Epperson, deceased, and A. N. Wright, on December 1, 1880, in cause numbered 2603, and entitled E. E. Smith v. J. P. Russell, executor, et al., which writ of execution was issued on June 21, 1881, and was directed to the sheriff or any constable of Brazoria county, and at which sale the plaintiff was the purchaser, for the the sum of $200, which, after paying the costs of the sale, was duly credited on the judgment; that the sheriff failed and neglected to return the execution to the office of the clerk of the district court of Marion county, but that parol testimony would be offered to prove the existence and contents thereof, and that the sale was made thereunder.

The petition further alleged that the judgment in the case of E. H. Campbell v. J. P. Russell et al., executors, recited as a fact that the sum of money therein shown to be due to the plaintiff and intervenors in that suit was the balance of the purchase money for the land upon the purchase thereof by Wright and Epperson, amounting to $21,308.75 at the date of the judgment, with ten per cent. per annum interest thereon from May 23, 1881; that plaintiff was then and ever had been

ready and willing to pay to R. S. Willis, the defendant, the unpaid balance of such purchase money, and tendered payment thereof, to redeem the land from the lien.

The petition prayed judgment for damages in the sum of $17,000 for the use of the plantation during the years 1882 and 1883, and for timber cut and destroyed; that the plaintiff be permitted to pay to defendant, Willis, the balance of the purchase money sued for in the case of E. H. Campbell v. J. P. Russell, executor, et al.; that the court would ascertain and adjudge what sum, if any, plaintiff should so pay, taking into consideration his claim for damages against the defendant, and, if the court, adjusting the equities between defendant and plaintiff in the premises, should adjudge that plaintiff should pay any sum to defendant, that a reasonable time be allowed him, in the discretion of the court, to pay such sum; that, in default of such payment the right of plaintiff to redeem the land should be forever foreclosed, and the land be sold under execution to satisfy the debt of defendant, evidenced by said judgment, in the case of E. H. Campbell v. J. P. Russell, executor, et al. The petitioner also prayed judgment for possession of the land, and quieting plaintiff in his title to the same, and for costs of suit and general relief.

By first supplemental petition plaintiff, in substance, alleged that Lawson, the trustee, did not duly advertise the property as of B. H. Epperson, deceased, but stated the debt and property as that of J. P. Russell, R. B. Epperson and E. S. Epperson; that neither the land nor the interest in it to be sold was so advertised as to fully advise bidders, and the advertisement stated sale subject to vendor's lien and mortgages to about $24,000, and back taxes, without stating particulars; that these were all calculated to ward off bidders; and prayed that the sale be cancelled.

By a second supplemental petition plaintiff alleged, in substance, lapse of a year, before plaintiff's purchase, between the rendition of judgment in favor of Sallie Dickson, No. 2778, Marion district court, and the sale thereunder; that the deed of trust to Lawson was not signed by all the executors of Epperson's estate, and E. S. Epperson had not resigned his executorship as to the Brazoria property, as the will provided he might do.

In this last petition, the plaintiff renewed the prayer of his amended original petition, and also prayed, that if, in the opinion of the court, the defendant had acquired any interest in the land by virtue of the sale of one-half thereof under the judgment in favor of Sallie Dickson, the latter be confined in the enforcement of his right to that portion of the league which was embraced in the judgment in favor of E. H.

Campbell, R. S. Willis, Harriet McGregor and her husband. The defendant demurred to the plaintiff's pleadings, assigning as ground, "that if the plaintiff showed any right in B. H. Epperson's estate, as against defendant, when plaintiff bought, it was purely an equitable right of suing defendant to have sales set aside because the estate had, by fraud, been deprived of what the property would otherwise have brought; and if Epperson's estate had any such right, it was an equity which could not be sold to plaintiff under an execution." The court overruled the demurrer. The defendant also answered by plea of not guilty and by general denial.

The plaintiff exhibited the following chain of title:

1. A certified copy of a decree of the district court of Brazoria county, Texas, dated January 28, 1874, in the matter of the estate of Sterling Blackwell, deceased, which decree vested title to the land in controversy in the heirs of Sterling Blackwell, viz: Susie R. Garnett, Mary B. Haun, Sally B. Campbell, Ella Robinson, Lula Robinson and William Robinson.

2. A deed from J. H. Garnett and his wife, Susie R. Garnett, by their attorney in fact, M. W. Garnett, to A. W. Wright and B. H. Epperson, dated September 29, 1875, and conveying an undivided one-sixth of the land in controversy.

3. A deed from John A. Haun and his wife, Mary R. Haun, to A. W. Wright and B. H. Epperson, dated October 1, 1875, and conveying an undivided one-sixth of the land in controversy.

4. A deed from James W. Campbell and his wife, Sally B. Campbell, by their agent and attorney in fact, M. W. Garnett, to A. W. Wright and B. H. Epperson, dated September 29, A. D. 1875, and conveying an undivided one-sixth of the land in controversy.

5. A power of attorney from J. H. Garnett and Susie R. Garnett to M. W. Garnett, empowering him to make the above conveyances for them, dated August 12, A. D. 1875

6. The minutes of the district court of Brazoria county and its records in the case of James W. Campbell and wife et al. v. John A. Haun and wife et al., No. 3372, the same being a suit for partition of the land in controversy, in which E. H. Campbell was appointed by the court a commissioner to sell the land, which decree was made January 21, 1876.

7. A deed from E. H. Campbell, as commissioner as aforesaid, to B. H. Epperson and A. W. Wright, dated November 6, 1876, and of the decree of the court confirming the sale made by the commissioner, a copy of which was attached to the deed, marked exhibit A. and made a part thereof, which deed was dated November 6, 1876, and conveyed the land in controversy.

8. A deed from A. W. Wright to B. H. Epperson, dated July 31, 1878, and conveying A. W. Wright's interest in the land in controversy.

9. The last will of B. H. Epperson, deceased.

10. A certified copy of a decree of the county court of Marion county, Texas, dated October 2, 1878, admitting the last will of B. H. Epperson, deceased, to probate, and ordering letters testamentary to issue to J. P. Russell and R. B. Epperson, as general executors, and to E. S. Epperson, as special executor, in accordance with the will.

11. A certified copy of a judgment of the district court of Marion county, Texas, in case No. 2603, in favor of E. E. Smith, the plaintiff in this suit, against A. W. Wright, individually, and J. P. Russell and R. B. Epperson, as executors of the estate of B. H. Epperson, deceased, for the sum of $1,283.33, dated December 1, 1880.

12. A certified copy of the execution docket of the district court of Marion county, Texas, so far as the same related to case No. 2603, showing the issuance of execution on the judgment to the sheriff of Brazoria county, Texas, on June 21, 1881, and no return of the same.

13. A deed from Alex. Pope to E. E. Smith, dated May 5, 1883, quit-claiming to E. E. Smith all right, title and interest of Pope in and to the land in controversy, and declaring in effect that any title that may have been vested in him, Pope, was held in trust for E. E. Smith.

14. A certified copy of the record of an agreement between B. H. Epperson and E. S. Epperson concerning the management of the Darrington plantation, dated July 31, 1878.

15. A power of attorney from James W. Campbell and Sally B. Campbell to M. W. Garnett, dated September 24, 1880.

The plaintiff also proved levy and sale of the land under the afore-mentioned judgment in his favor against A. W. Wright in his individual capacity, and against J. P. Russell and R. B. Epperson as executors of B. H. Epperson, deceased, and purchase of the land at such sale by E. J. Wilson for account of the plaintiff, at the price of $250, which amount was to have been credited on the judgment.

The sheriff, it appeared, prepared a deed for the land in the name of Alex. Pope, who was plaintiff's attorney; and delivered it unsigned, together with the execution and a memorandum of his return, to Wilson. Shortly afterwards, plaintiff remitted through Pope to Wilson $15.00, and this amount Wilson paid to the sheriff in satisfaction of his fees, etc., aggregating about $13.50.

Nothing further seems to have been done in the matter, and the transaction was entirely lost sight of, until some time in May, 1883, after the institution of this suit, when the execution, memorandum of return, and the unsigned deed drawn by the sheriff, were found in the

office of Wilson, in the state in which they had been delivered to him by that officer. The defendant exhibited the following chain of title :

A deed from James W. Campbell and wife, Sallie B. Campbell, dated September 29, 1875, to A. W. Wright and B. H. Epperson ; a deed, dated September 27, 1875, from Joseph H. Garnett and Susie R. Garnett, to A. W. Wright and B. H. Epperson; a deed from E. H. Campbell, commissioner, to B. H. Epperson and A. W. Wright, dated November 6, 1876, and the decrees of the district court of Brazoria county, Texas, rendered in cause No. 3372, styled James W. Campbell and wife et al. v. John A. Haun et al., with a copy of the decree of confirmation ; a deed from A. W. Wright to B. H. Epperson, dated July 31, 1878 ; the last will and testament of B. H. Epperson, deceased, dated August 6, 1878, duly probated October 2, 1878, in the county court of Marion county, Texas, and a certified copy of the decree of probate and confirmation of the appointment of the executor therein named, and issuance of letters testamentary; articles of agreement between B. H. Epperson and E. S. Epperson, dated July 31, 1878; a deed of trust from E. S. Epperson, executor and manager of the Darrington plantation, under the last will and testament of B. H. Epperson, deceased, and J. P. Russell and R. B. Epperson, executors of B. H. Epperson, dated February 20, 1879, to Thos. F. Lawson, trustee, to secure the payment to P. J. Willis & Bro. of certain indebtedness of E. S. Epperson, J. P. Russell and R. B. Epperson, as executors of B. H. Epperson, to Willis & Bro., as in the deed specified ; a deed of trust of date October 15, 1878, made and executed by E. S. Epperson, executor and manager, to Joseph Farley, trustee, to secure the payment of certain moneys advanced and to be advanced by P. J. Willis & Bro. to E. S. Epperson ; a deed of conveyance from Thos. F. Lawson, trustee and substitute trustee, dated May 4, 1880, to P. J. Willis & Bro. of the premises in question ; a certified copy of a judgment of the district court of Marion county, Texas, in favor of E. H. Campbell et al. v. J. P. Russell et al., executors of B. H. Epperson, rendered on or about May 24, 1881 ; a certified copy of an order of sale issued upon the judgment out of the district court of Marion county, and delivered to the sheriff of Brazoria county, dated July 27, 1881, and levy and return thereon, and the sheriff's deed made thereunder to R. S. Willis, dated November 1, 1881; a judgment of the district court of Marion county, Texas, in favor of W. B. Ward against J. P. Russell et al., executors of B. H. Epperson, rendered on March 9, 1879, an abstract of which was filed and recorded in Brazoria county, Texas, on June 8, 1880, at 8 a. m. A writ of execution, issued upon the

judgment of the district court of Marion county, delivered to the sheriff of Brazoria county Texas, and the levy and return of the sheriff thereon, and the deed from the sheriff, W. H. Sharp, thereunder, to M. L. Crawford, dated November.1, 1881; a deed of conveyance from M. L. Crawford to R. S. Willis, dated November 14, 1881; a certified copy of a judgment rendered May 20, 1880, in cause No. 2778, entitled Sallie Dickson v. J. P. Russell et al., in district court, Marion county, Texas; a certified copy of an order of sale issued out of the district court, Marion county, Texas, on the judgment in favor of Sallie Dickson v. J. P. Russell et al., executors of B. H. Epperson, dated February 15, 1881, and sheriff's return thereon; a deed from W. H. Sharp, sheriff of Brazoria county, made under and by virtue of the sale and the judgment and order of sale in favor of Sallie Dickson v. the executors above referred to, conveying one-half of the Tally league, and dated April, 1882; certified copy of the returns of W. H. Sharp, sheriff of Brazoria county, Texas, on execution in favor of W. B. Ward v. J. P. Russell et al., executors of B. H. Epperson, from execution docket C, p. 159, of Marion county, Texas, showing sale to M. L. Crawford, of premises in question. [The original execution, with sheriff's return, being lost, proof was made of its contents]; certified copy of an order of sale and sheriff's return in the case of W. B. Ward v. J. P. Russell et al., from Marion county, Texas, suit No. 2594; certified copy of a judgment in favor of W. B. Ward v. J. B. Russell et al., executors of B. H. Epperson, from district court of Marion county, Texas; certified copy of an order of sale and sheriff's return in cause No. 2750, entitled E. H. Campbell v. J. P. Russell et al., executors of B. H. Epperson, from district court of Marion county, Texas, being the copy of an order of sale, and copy of return of sheriff of Brazoria county, showing purchase by R. S. Willis of premises in question.

Decree of district court of Brazoria county, Texas, rendered January 28, 1874, in probate, in the matter of estate of Sterling Blackwell, deceased, John R. Mills, administrator, decreeing property of estate of Sterling Blackwell to Sallie B. Campbell, Susie R. Garnett, Ella Robinson, Lula Robinson and William Robinson, and Mary E. Haun.

The power of attorney from Joseph Garnett and wife to M. W. Garnett, dated August 12, 1875; power of attorney from Campbell and wife, Sallie B. Campbell, to M. W. Garnett, dated September 24, 1875.

The deed from J. P. Russell and E. S. and R. B. Epperson, executors of B. H. Epperson, deceased, conveying to T. F. Lawson the land

in controversy, in trust to secure an indebtedness owing by them as such executors to P. J. Willis & Bro., which was offered in evidence by the defendant, was, upon objection of the plaintiff, excluded by the court, on the ground that the executors had no authority, under the will, to execute the same. The court, also, upon objection of plaintiff, excluded the certified copy from the judgment roll of Brazoria county of an abstract of a judgment rendered by the district court of Marion county, in the case of W. B. Ward v. J. P. Russell et al., executors of B. H. Epperson, deceased, offered in evidence by defendant, because the abstract did not specify the character in which the defendants were charged. The certified copy of the abstract of judgment, omitting the certificate of the clerk of the county court of Brazoria county, is as follows:

"Abstract of judgment, filed June 8, 1880, Francis Le Ribus, Clerk D. C., B. C. Judgment record of Brazoria county, Texas: Docket No. of suit, 2594; date of filing and record, year 1880, month June, day 8th, hour 8 a. m.; plaintiff's name, W. B. Ward; defendants' names, J. P. Russell and R. B. Epperson, extrs., and A. N. Wright, surv. part., etc.; date of judgment, month of May; day 9th, year 1879. Rendered in the district court of Marion county. Amount of judgment, $3,768.68; rate of interest, 12 per cent.; amount of credit at the date of record, ———; amount due at date of record, $5,027.24.

"THE STATE OF TEXAS, }
COUNTY OF MARION. }  I, Frank Malloy, district clerk of Marion county, do hereby certify that the above is a correct abstract of the judgment of the district court in the cause entitled W. B. Ward v. J. P. Russell, executors, et al., as appears on the minutes of said district court, book H., page 223.

In testimony whereof, I hereunto set my hand and seal of said court at office, in the city of Jefferson, this 3d day of June, A. D. 1880.

[SEAL.]  FRANK MALLOY, Clerk Dist. Court, M. C.

"Filed for record June 8th, at 8 o'clock, a. m.
D. C. LEONARD, Clerk C. C., B. C."

The court charged the jury as follows: "The title to the land in controversy obtained by defendant through the Dickson and Campbell judgments, is superior to plaintiff's title, to the extent of the land covered by the sales under such judgments. Under the Campbell judgment, the defendant became the purchaser of five-sixths of the land in controversy, and under the Dickson judgment one undivided one-half

thereof. If the aforesaid five-sixths and one-half are so described as to cover the entire tract here sued for, then you will find for defendant, but if they do not, that is, if the one-half is contained in the five-sixths, or if the one-half and five-sixths constitute but five-sixths of the tract, then the defendant is entitled to recover the remaining one-sixth, and you will in that event so find."

The trial of the cause resulted in a verdict in favor of the plaintiff for one-sixth of the land and for an annual rent of $833.33 from the date of his purchase. The court rendered judgment on the verdict, and the defendant appealed.

*Mann & Baker* and *E. J. Wilson*, for appellant, cited: Edwards *v.* Norton, 55 Tex., 405; Hobby's Texas Land Law, sec. 621; Miller *v.* Alexander, 8 Tex., 36; Riddell *v.* Bush, 27 Tex., 675; Ayres *v.* Duprey, 27 Tex., 594; Freeman on Executions, sec. 300; 2 Perry on Trusts, secs. 602, 782; McDonough *v.* Cross, 40 Tex., 280; Giddings *v.* Butler, 47 Tex., 543–546; R. S., 3155.

*Geo. W. & F. J. Duff*, for the appellee, that the equity of redemption may be the subject of levy and sale under execution, cited: Baker *v.* Clepper, 26 Tex., 634; Wright *v.* Henderson, 12 Tex., 43; Morrow *v.* Morgan, 48 Tex., 304; Fisher *v.* Foote, 25 Tex. Sup., 311; Wooton *v.* Wheeler, 22 Tex., 335-338; Hunt *v.* McKemson, 56 Tex., 9; Cassady *v.* Frankland, 55 Tex., 452; Baker *v.* Compton, 52 Tex., 252; Wright *v.* Wooters, 46 Tex., 383; Cotton *v.* Bennett, 47 Tex., 172; Hobby's Tex. Land Law, secs. 1454, 1455; Elliott *v.* Blanc, 54 Tex., 216.

That failure of sheriff to return writ or execute a deed will not affect interest acquired by purchaser at execution sale, they cited: Howard *v.* North, 5 Tex., 290; Fleming *v.* Powell, 2 Tex., 225; Coffee *v.* Silvan, 15 Tex., 357; Hancock *v.* Metz, 15 Tex., 205; Donenbaum *v.* Tinsley, 54 Tex., 362; Miller *v.* Alexander, 8 Tex., 44; Freeman on Executions, sec. 341; Baker *v.* Clepper, 26 Tex., 624; Fleming *v.* Powell, 2 Tex., 225.

As to power of executors to execute deed of trust, they cited: R. S., art. 1937; Story on Agency, secs. 21, 62; Griffith *v.* Morrison, 58 Tex., 53; Blanton *v.* Mayes, 58 Tex., 422; Caldwell *v.* Young, 21 Tex., 800; Adriance *v.* Crews, 45 Tex., 182; Price *v.* McIver, 25 Tex., 769.

On the insufficiency of the abstract of judgment in the case of W. B. Ward *v.* J. P. Russell et al. to create a lien, they cited: R. S., arts. 3155-3159; Rider *v.* Duval, 28 Tex., 622; R. S., art. 3159; Frazer *v.* Thatcher, 49 Tex., 29; McLouth *v.* Hunt, 51 Tex., 115.

That an order of sale under a decree of foreclosure, like an execution

upon other judgments, must issue within twelve months after the rendition of the decree, to preserve the lien, they cited: R. S., art. 4332; Grace v. Wade, 45 Tex., 522; Ayers v. Duprey, 27 Tex., 593; Sampson v. Wyett, 49 Tex., 631; Battle v. Guedry, 58 Tex., 111; Towns v. Harris, 13 Tex., 507; Barrow v. Thompson, 54 Tex., 236.

ROBERTSON, ASSOCIATE JUSTICE.—There was no error in overruling the defendants' demurrer to the plaintiff's petition. The equity of redemption is not extinguished by the decree of foreclosure, until the decree is executed by sale. The plaintiff, by his purchase between the decrees and the sales under them, became the owner of the right to redeem. If the sales were unfair, the plaintiff and not the estate of Epperson, was wronged. If the sales could be set aside, the plaintiff and not Epperson's estate had the right to perfect his title by discharging the encumbrances. There was no proof, however, that the sales under the decrees were unfair, and no such issue was submitted to the jury. This branch of the case was, therefore, as unproductive of results injurious to the defendant, as if it had been expunged by demurrer.

The plaintiff's interest in the land acquired by his purchase at execution sale was not destroyed by the failure of the sheriff to return the execution or to execute a deed. He was the plaintiff in the writ—was not bound to pay any more of his bid than enough to discharge the sheriff's charges, and for these, the sheriff, in effect, agreed to wait, when he failed to re-advertise the property for sale. In other respects, the plaintiff complied with the terms of sale when he approved the purchase for his benefit. The evidence of the plaintiff's title, under the judgment, execution and sale, objected to by defendant, was properly admitted, and the issues upon it were fairly submitted to the jury in the charge of the court. The deed of trust to Lawson was properly excluded. The executors were not authorized in Epperson's will to borrow money, or to raise money, or to mortgage the land. The power to sell did not authorize the execution of the deed of trust. Jones on Mortgages, sec. 129.

The abstract of the Ward judgment ought not have been excluded. The requirement of the statute, that the names of the parties to the judgment shall be stated, was fulfilled. It was not necessary that the character in which the parties were charged should be specified. Any party to be affected by the registration would unavoidably derive his right through the will, and he would thus constructively know that the defendants, named in the abstract, were the executors of the will. The object of the statute is not to encumber the registry with full information, but to excite inquiry, and indicate the source of full information.

The statute was complied with literally, and what was included in the abstract was sufficient to accomplish the purpose of the law. The statute makes the lien date from the registration *and indexing* of the abstract. It does not require the index to be dated. A certified copy of the index would not show when the lien incepted. The positive proof could only be made by parol. The presumption is that the officer did his duty, and made the index contemporaneously with the registration of the abstract. This presumption is the proof of the party relying on the lien. In this case it was not rebutted.

The deed of trust foreclosed in the Dickson decree appears to have been given by Epperson upon his undivided one-half of the land, at a time when Wright was the owner of the other half. Five-sixths of the whole was encumbered by a vendor's lien. It appears that Wright and Epperson acquired their moieties at the same time and through the same deeds. There was no proof to show that the one-sixth not encumbered by vendor's lien was owned exclusively by Wright, or that Epperson's half interest was entirely embraced in the encumbered five-sixths. On the face of the papers each was the owner of an undivided one-half of the five-sixths encumbered and of the one-sixth unencumbered. The Dickson deed of trust covering Epperson's half embraced, therefore, one-half of the unencumbered one-sixth. The legal effect of the documentary evidence was that the defendant was the owner of five-sixths and one-half of the remaining one-sixth, equaling eleven-twelfths of the whole. In this particular, there was manifest error in the charge and in the verdict.

It does not appear that the Dickson deed of trust was introduced in evidence. If that instrument contained covenants of warranty sufficient to pass an after-acquired title, then, as soon as Epperson became the owner of Wright's half of the unencumbered one-sixth, that half passed under the deed of trust, and the defendant became the owner of the whole interest.

If the defendant was the owner of the decree foreclosing the vendor's lien, and of the Dickson decree, and the five-sixths embraced in the former decree was of sufficient value to pay both demands, equity would require that appropriation of the proceeds of the five-sixths, and leave to the plaintiff the other sixth. But a legal sale of the five-sixths is the only measure of its value known either to a court of law or equity. By this measure the five-sixths was not of value sufficient to discharge the first lien upon it. All that was left for the deed of trust was the one-sixth, if the deed of trust contained warranty clauses, or, if it did not, one-half of the one-sixth; and no principle of civilized jurisprudence would subordinate this lien to the plaintiff's right.

If the plaintiff had neither constructive nor actual notice of the Dickson deed of trust, or the decree foreclosing it, his rights would not be affected by the deed or the decree. Another trial may eliminate this question of notice. The statute requiring an execution to issue within twelve months to preserve a judgment lien has no reference or application to decrees establishing or foreclosing contract liens. The order of sale under the Dickson decree fully identified that decree, and it was properly admitted in evidence over the objections made to it.

For the errors indicated, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 26, 1886.]