## MOSELEY v. EVANGELICAL THEOLOGICAL COLLEGE.

### No. 10905.

Court of Civil Appeals of Texas. Dallas.
Dec. 13, 1930.

Dissenting Opinion Dec. 17, 1930.

Rehearing Denied Jan. 17, 1931.

K. R. Craig, of Dallas, for appellant.

Coker, Wilson, Rhea & Neel, of Dallas, for appellee.

JONES, C. J.

Appellant, Miss S. J. Moseley, has appealed from a judgment in the district court adverse to her and in favor of appellee, the Evangelical Theological College. The following is a sufficient statement of the facts:

Annette Moseley recovered judgment in the district court of Dallas county on April 4, 1927, in the principal sum of $2,217.25, with interest, against Frank M. Shanklin and Carrie M. Shanklin, as principals, on a replevy bond in favor of Annette Moseley, and against Emma C. Short, as independent executrix under the will of U. F. Short, deceased, and M. Murphy, as sureties on such bond. All of the defendants in such suit appealed from the judgment to this court, with the result that the judgment was affirmed November 3, 1928. Prior to the affirmance of the judgment and on May 3, 1927, Annette Moseley filed in the office of the county

clerk of Dallas county an abstract of the judgment which was recorded and indexed on said date. In the defendant's or reverse index of the letter "S" of the abstract of judgment records appears the following: "Surname, Short et al.; given name, Emma C. Short; plaintiff, Annette Moseley; date of filing, May 13, 1927; recorded, Book 33, page 446." No complaint is made of any other defect of the indexing of the names of the parties to the judgment. In no other part of the index to this abstract of judgment does it appear that Emma C. Short was sued only in the capacity of independent executrix of the will of U. F. Short.

On December 11, 1926, Sara E. Abbott, as the owner of the real property involved in this suit, executed a deed of trust conveying the property to John F. Murphy, as trustee, to secure Mrs. Emma C. Short, independent executrix of the estate of U. F. Short, deceased, in the payment of the indebtedness therein described. This deed of trust gave full power of sale in case of default of Mrs. Abbott. It was recited in the deed of trust that this note was given in renewal and extension of a note dated February 19, 1921, made payable to the order of U. F. Short. Emma C. Short was the surviving wife of U. F. Short, deceased, and the sole beneficiary under his will.

Mrs. Abbott made default in payment of monthly installments provided for in the note, the entire note was declared due under its terms, and the real estate in question was duly advertised for sale by the trustee, at the request of Emma C. Short, executrix of the will of U. F. Short, deceased, and the land in question was duly sold by the trustee to Mrs. Emma C. Short and a deed duly executed to her, reciting a consideration of $4,000 paid. On July 30, 1927, in her individual capacity, and also in her capacity as independent executrix, under the will of U. F. Short, deceased, she conveyed the property by warranty deed to the appellee, a corporation, for the recited consideration of $4,000, paid by appellee to Emma C. Short. Both deeds were duly filed for record on August 6, 1927.

Annette Moseley had issued an execution on the abstracted judgment and caused same to be levied on this property, caused the property to be duly advertised for sale to satisfy the judgment in her favor. Appellee at once instituted this suit in a district court of Dallas county, for the purpose of removing the cloud cast upon the title by reason of the abstracted judgment, and secured a temporary writ of injunction, restraining Annette Moseley and the sheriff of Dallas county from making the contemplated sale of the property. Annette Moseley answered, alleging by proper pleas that she had fixed a lien on said property by duly abstracting and recording the

judgment against Emma C. Short, independent executrix under the will of U. F. Short, deceased; that this judgment lien attached to the property prior to appellee's ownership of same, waived the contemplated execution sale, prayed for a foreclosure of the lien and a sale of the property to satisfy the judgment in her favor against the parties heretofore mentioned. The case was tried on its merits and resulted in a judgment in favor of appellee, removing the cloud from the title, perpetuating the temporary writ of injunction, and declaring that no lien existed in favor of appellant by reason of the recording of an abstract of said judgment. Pending this suit and after both the petition of appellee and the answer of Annette Moseley had been filed, Annette Moseley died testate, and appellant was made her sole legatee and she intervened, setting up the facts of the will and its due probate.

The trial judge filed findings of facts, which are adopted in substance in the foregoing statement, and filed conclusions of law. Under the conclusions of law, it appears that the judgment entered was granted on two grounds, viz.: (1) that the real property in question never belonged to the estate of U. F. Short, deceased, and never came into the possession of Emma C. Short, as the executrix under the will of deceased; (2) that, under the statute prescribing the manner in which a judgment lien can be created, the correct indexing of the names of parties in the judgment is a necessary condition to the creation of a judgment lien, and, where the judgment abstracted is against a defendant in the capacity of independent executrix, and said index shows the judgment against her individually and not against her in said capacity, such error of omission is fatal, and no lien is created. Each of these grounds, on which the court acted, is assigned as error and present the sole question for consideration in this case.

■■■ Article 5449, R. S. 1925, provides in part: "When any judgment has been so recorded and indexed, it shall from the date of such record and index operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire situated in said county. * * *" The preceding article, No 5448, provides in part: "Each county clerk shall keep a well bound book called the 'judgment record,' and he shall immediately file and therein record all properly authenticated abstracts of judgment when presented to him for record, noting therein the day and hour of such record. He shall at the same time enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded. * * *"

It will be noted that the lien operates only on the real estate of the defendant, and does not operate upon any other character of property. At the time the abstract of judgment was recorded, the U. F. Short estate did not own the real estate in question, but the title appears to have been in Mrs. Abbott. The Short estate, at such time, owned a note amounting to more than $4,000, secured by a deed of trust lien on this property. By abstracting the judgment, no lien was created against the real property securing the ultimate payment of the note, for said real estate was not owned by the Short estate. After the judgment was abstracted, the trustee in the deed of trust securing the note sold the real estate for the payment of the note. If Emma C. Short had purchased the property at this sale in her capacity as independent executrix, then the judgment lien would have attached, if the abstract of judgment had been properly recorded.

At the sale, Emma C. Short had the undoubted right to purchase the property in her own name and in her personal capacity, separate and distinct from the Short estate. The record shows that she did so purchase the property. This follows by reason of the fact that Emma C. Short is in law a distinct juristic person from Emma C. Short, independent executrix under the will of U. F. Short, deceased. Suppose John Smith had been the purchaser for a consideration of $4,000 at the deed of trust sale, and such $4,000 had been credited, as the law requires, on the note indebtedness of Mrs. Abbott, could it be said that any lien attached to the property, when this sale was consummated to Smith, by reason of the abstract of the judgment against Emma C. Short, the independent executrix of U. F. Short, deceased? We think not. We can see in law no difference between the sale to Emma C. Short in her individual capacity and the sale to Smith, unless it was alleged and proven that Emma Short and appellee fraudulently acted in collusion to defeat the judgment lien. There are no such allegations and no proof of the existence of such fact.

■■■ The decision of the Supreme Court in Willis v. Smith, 66 Tex. 31, 17 S. W. 247, is decisive of the second ground on which the trial court held adversely to appellant. Such case clearly holds that, in indexing a recorded abstract of a judgment obtained against a party in his capacity as executor of a will, the statute does not require the index to show such capacity. Under the holding in Willis v. Smith, supra, we sustain the latter contention of appellant.

As the U. F. Short estate never owned the legal title to the property in issue, we hold that no judgment lien existed against same,

**640**

and the judgment of the lower court is affirmed.

Affirmed.

LOONEY (dissenting).

The majority opinion, in which I concur, is that the recording and indexing of the abstract of judgment against Emma C. Short was in substantial compliance with the Judgment Lien Statute, but I think the majority erred in holding that the real property involved was never the property of the U. F. Short estate. The holding and the reason for same appear in the following excerpt from the opinion by Chief Justice Jones: "At the sale, Emma C. Short had the undoubted right to purchase the property in her own name and in her personal capacity, separate and distinct from the Short estate. The record shows that she did so purchase the property. This follows by reason of the fact that Emma C. Short is in law a distinct juristic person from Emma C. Short, independent executrix under the will of U. F. Short, deceased."

The recording and indexing of the abstract of judgment fixed a lien upon all real estate, or interest therein, in Dallas county, owned by the U. F. Short estate at the time the record was made or subsequently acquired; therefore, the question presented is, Did the Short estate acquire an interest in the real estate as the result of its sale to Mrs. Short by the trustee?

The note secured by the trust deed, under which Mrs. Short purchased, was community property of herself and deceased husband, therefore was liable in her hands for community debts. Article 3661, R. S. 1925. Mrs. Abbott, grantor in the trust deed, having defaulted in payment of the note, Murphy, trustee, at the instance of Mrs. Short, as executrix of the will of her deceased husband, advertised and on July 7, 1927, sold the land, she becoming the purchaser, and thereupon the trustee, for a recited consideration of $4,000 paid by her, executed and delivered a deed conveying the land to her. This sale was made after the abstract of judgment was recorded and indexed, on May 12, 1927, and thereafter on July 30, 1927, Emma C. Short, individually and as independent executrix of the will of U. F. Short, conveyed the land to appellee, the Evangelical Theological College.

As the note against Mrs. Abbott was community property, charged with the community indebtedness of U. F. Short and Emma C. Short, the land purchased at the trustee's sale, although deeded to Mrs. Short individually on the recited consideration of $4,-000, became part of the community estate and stood just as did the note, charged with the community indebtedness. Mrs. Short being sole legatee under the will of her husband, and also survivor of the community, it is reasonable to assume, in view of her official duties, that the amount of her bid for the land was applied on the indebtedness secured by the trust deed, for it would have been useless, if not an absurd circumlocution, for her to have paid from her separate funds the amount of the bid to have it immediately returned to her by the trustee. But even if the business was in fact transacted that way, I do not think it was within her power by this method to metamorphose community property, charged with the payment of community debts, into separate property, relieved from such burden. The consideration paid by her for the real estate at the trustee's sale being community property, Mrs. Short held title for the benefit of the estate even under the equitable doctrine of resulting trusts. 26 R. C. L. p. 1214, § 57; Enc. Digest Tex. Reps. 22 p. 784.

It is easy enough to imagine a case in which Emma C. Short would, in law, occupy the position of a distinct juristic person from Emma C. Short, independent executrix, but such is not this case, because, under the facts and applicable rules of law, these personalities are blended, both in interest and in legal responsibility.

Our statutes forbid the purchase by an executor, either directly or indirectly, of any part of the estate of his testator. The reason underlying this sound policy should, in my opinion, be extended to a situation such as the one with which we are dealing. I think a court of equity should say to an independent executor: You will not be permitted to manipulate the affairs of the estate in your own interest to the prejudice of a bona fide creditor. Article 3579, R. S. 1925.

In harmony with these views, I think the judgment of the court below should have been reversed and rendered, foreclosing the judgment lien as sought in appellant's plea in reconvention, with directions to the court below to have issued an order for the sale of the land.