## MURPHY et ux. v. McDONALD.

### No. 3526.

Court of Civil Appeals of Texas. Beaumont.

Nov. 16, 1939.

Ramsey & Ramsey, of San Augustine, for appellants.

J. J. Fisher and J. R. Bogard, both of San Augustine, for appellee.

COMBS, Justice.

This is a land suit involving title to about 600 acres of land in San Augustine County. No fact issues are involved, the controlling question being which of two sheriffs' deeds conveyed the title.

Appellants A. Murphy and wife Anna Murphy claim title under a sheriff's deed made by virtue of a sale following foreclosure of a vendor's lien. Appellee, E. E. McDonald, claims title under a sheriff's deed by virtue of a sale of the land under execution levied upon the land, after Murphy's judgment of foreclosure, but prior to the sheriff's sale to Anna Murphy under the foreclosure. The claim of title by Murphy arose as follows: In December, 1928, appellant, A. Murphy, conveyed the land here involved to C. G. Lee and retained a vendor's lien to secure payment of five purchase money notes of $530.71 each, executed by said C. G. Lee, and also by C. C. Goodwin, who was not a grantee. On June 15, 1931, the debt being unpaid, A. Murphy recovered judgment in the district court of San Augustine County against Lee and Goodwin on the notes for his debt and for

foreclosure of the vendor's lien. The land was not sold by the sheriff under the judgment of foreclosure and order of sale until November 6, 1934, when it was sold by the sheriff and purchased by appellant, Anna Murphy, to whom the sheriff executed a deed on that date. But in the meantime, between June 15, 1931, when Murphy secured his decree of foreclosure, and November 6, 1934, when the sale was made under that judgment, the matters which form the basis of E. E. McDonald's claim arose as follows: On August 28, 1933, McDonald recovered a judgment in the county court of San Augustine County against appellant A. Murphy and against C. G. Lee and C. C. Goodwin for $528.30. McDonald caused execution to be issued on that judgment and levied on the land here involved. On May 30, 1934, by virtue of that levy, the sheriff sold the land to appellee McDonald and executed to him a deed. On December 22, 1934, McDonald instituted this suit against A. Murphy and wife, Anna Murphy, in the form of trespass to try title. On the trial of the case after all the evidence was in, it was agreed by the parties that only law questions were involved. The jury was discharged and the case submitted to the court who decided that plaintiff McDonald was entitled to recover the land by virtue of his purchase at the execution sale.

## Opinion.

▉ ·· Obviously, the controlling question before us is whether or not the levy of execution and the sale of the land to McDonald by the sheriff under the county court judgment, served to extinguish Murphy's right of sale under his prior judgment of foreclosure so as to render the sheriff's sale to Anna Murphy subsequently made ineffectual to pass the title. Unquestionably, Murphy had the right to have the land sold under the decree of foreclosure prior to and at the time McDonald had his execution levied on the land and of course a sheriff's deed by virtue of such a sale would have passed the title. Such was the result of the sale made after the levy of the execution by McDonald unless that levy and the sale made thereunder had the effect of extinguishing Murphy's right of sale.

We think Murphy's right to have the land sold under his decree of foreclosure was in no wise impaired by the execution levy and sale. The rule is that the holder of a mere vendor's lien has no such interest in the land as renders the lien subject to attachment or execution, and as a consequence a levy made against the land and a sale of the land thereunder does not affect the vendor's lien. 43 Tex.Jur. § 139, pp. 226, 227; Douglass v. Blount, 95 Tex. 369, 67 S.W. 484, 58 L.R.A. 699; Traders National Bank v. Price, Tex.Com.App., 228 S.W. 160. Of course the rule is otherwise where the holder of the vendor's lien has elected to rescind the sale contract and assert his superior title or where he has foreclosed his lien and purchased the land at foreclosure sale prior to the execution levy. But such is not the case before us. Here Murphy did not elect to claim his superior title, but instead he elected to foreclose his lien and did so by district court suit for the purpose. And although Murphy obtained his decree of foreclosure in 1931, the sale had not been had under the decree of foreclosure at the time McDonald levied an execution on the land and caused the sheriff to make sale of it. Thus at the time of the levy of the execution and the sale Lee still owned the land subject to Murphy's lien with the right of redemption. And since Lee was an execution debtor McDonald acquired Lee's interest and succeeded to his rights. Willis v. Smith, 66 Tex. 31, 17 S.W. 247. But the title so acquired by McDonald was still as subject to Murphy's lien as it was when held by Lee. And when the sheriff subsequently sold the land under the judgment of foreclosure, his deed conveyed to Anna Murphy title to the land as effectually as it would have if Lee had still owned the title. This is necessarily so because of the well established principle that Murphy's lien and his right of sale to enforce it were not impaired by the execution levy and sale.

As we said in the outset of this discussion, the only question we are called upon to decide is which of the two sheriffs' deeds as a matter of law passed the superior title. No equities are involved on the case as made. It follows from what we have said that it is our conclusion that the trial court erred in entering judgment for E. E. McDonald and against appellants. Judgment of the trial court is reversed and judgment here rendered for appellants.

Reversed and rendered.