

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable D. F. McKee
County Auditor
Hidalgo County
Edinburg, Texas

Dear Sir:

Opinion No. 0-6685
Re: Under the given facts, who is
the owner of property sold for
delinquent ad valorem taxes in
a foreclosure sale, the State
of Texas or Hidalgo County?
And other related questions.

In your request for an opinion dated July 6, 1945,
as supplemented by your letter dated August 6, 1945, you have
requested the opinion of this department on the following
factual situation.

Numerous suits for the foreclosure of liens to se-
cure the payment of delinquent ad valorem taxes upon property
in Hidalgo County, were brought under the provisions of Article
7345b, Vernon's Annotated Civil Statutes, 1925, as amended,
and sales of the property in question were made by the sheriff
of Hidalgo County in accordance with the judgments and execu-
tions thereon in due and legal form. These properties were
bid in at such sheriff's sales by the representative of Hidalgo
County and purchased by Hidalgo County in its name as trustee
for itself, the State of Texas and other intervening taxing
units. In such cases the sheriff of Hidalgo County executed
a deed to Hidalgo County individually but through clerical
error, inadvertence or mistake the returns upon the executions
show the property in question purchased by the State of Texas.

Based on the above factual situation you propound
the following questions: (1) Is the State of Texas the owner
of the property or the County of Hidalgo; (2) Assuming that
the County of Hidalgo is the owner in trust for the other tax-
ing units, is it possible for the sheriff to correct his re-
turn in order to make it conform with the true facts and con-
form with his deed?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable D. F. McKee, page 2

The pertinent provisions of Article 7345b are as follows:

"Sec. 9. If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same, ..."

The question here to be decided is whether the erroneous return made by the sheriff showing that the State of Texas was the purchaser at the foreclosure sale would invalidate the clear wording of the sheriff's deed that the purchaser was the County of Hidalgo under the above quoted provisions of the statute.

In the case of Griggs, et al., v. Montgomery, et al., (Civ. App.) 22 S.W. (2d) 688, the Beaumont Court of Civil Appeals stated the rule of law in Texas to be as follows:

"... The validity of a sheriff's sale under execution or order of sale is not dependent upon the regularity of his return. The total failure to make the return does not affect the sale. Willis v. Smith, 66 Tex. 31, 17 S.W. 247. Therefore, a defective return could not have that effect. The failure of the sheriff to execute and deliver a proper and valid deed, if in fact his deed was defective, did not destroy the purchaser's interest acquired under the sale. Willis v. Smith, supra.

"In Higgins v. Bordages (Tex. Civ. App.) 28 S.W. 350, 352, it was said: 'A valid judgment, execution, and sale are all that is required to pass title to property sold at execution sale,

Honorable D. F. McKee, page 3

payment of purchase money and facts necessary to entitle the purchaser to a deed being shown. Flaniken v. Neal, 67 Tex. 629, 4 S.W. 212. ... It has been held that a sheriff may amend his deed, even after he goes out of office. Flemming v. Powell, 2 Tex. 255.' See also, Carter v. Dendy (Tex. Civ. App.) 251 S.W. 271."

The above opinion was re-affirmed in the case of Tyler v. Henderson (Civ. App.), 162 S.W. (2d) 170 (error refused) as follows:

"... It is said in 18 Tex. Jur. p. 754, § 183: 'The regularity of the sheriff's return is not essential to the validity of a sale under execution and the title of the purchaser does not depend thereon. *** In fact an entire failure to make a return does not affect the sale.' The last expression of the quotation is based upon the holding in Griggs v. Montgomery, Tex. Civ. App., 22 S.W. 2d 688, in which that court cited Willis v. Smith, 66 Tex. 31, 17 S.W. 247."

These cases affirm a long established doctrine relating to the purchaser at an execution sale which was adopted by the Supreme Court in the case of Dendy v. W. T. Carter & Bros., 269 S.W. 1037 (Com. App.).

"... As the substance of title at execution sale passes upon the purchaser's compliance with his bid, the deed of the sheriff is purely ministerial, is merely evidence of the right, ..."

Thus it may be seen that the equitable title passes to the actual purchaser at the execution sale irrespective of the irregularity in the sheriff's return, or in the deed itself, but the deed is simply the instrument perfecting and vesting the legal title to the property so sold in the actual purchaser at the sale.

In the case of Holmes, et al., v. Buckner, et al., 67 Tex. 107, 2 S.W. 452, it is held:

Honorable D. F. McKee, page 4

"'The purchaser's title at execution sale under a valid judgment, the proceedings prior to sale being regular, becomes perfect on the execution and delivery of the deed, and cannot be affected by any irregularities in the return made of the execution by the sheriff. The recitals in the doed, if in conflict with any facts stated in the sheriff's return, will control.'"

Based upon the assumption that the judgments and executions issued thereon were in due and legal form, when the County of Hidalgo purchased at foreclosure sales the various properties in question which were sold and bid in by the representative of Hidalgo County under the provisions of Section 9 of Article 7345b, V.A.C.S., 1925, as amended, the County of Hidalgo acquired title to the lands in question in trust for itself, the State of Texas and all other intervening taxing units and the sheriff would have a right to amend the defective returns made thereon in order to clarify the records, although under the holdings of the courts above set forth, such proceedings would not be essential to validate the title.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR:db

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN