Wallace A. **THOMPSON**, Appellant,

v.

George Carroll **CLAY** et al., Appellees.

No. 7247.

Court of Civil Appeals of Texas.

Amarillo.

April 15, 1963.

Rehearing Denied May 13, 1963.

---

Monning & Monning, Amarillo, Hugh Umphres, Jr., Amarillo, of counsel, for appellant.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, Don Dean, Amarillo, of counsel, Tom M. Seay, Amarillo, for appellees.

NORTHCUTT, Justice.

This suit was brought by the appellant to recover from appellee Clay the balance due under an executory contract for the sale of land and to foreclose an implied vendor's lien securing its payment. The appellee impleaded the other appellees herein, asserting that if he owed such balance then he was entitled to recover that amount from the other appellees on the theory that he had paid them that amount upon their representation they had acquired the original vendor's interest in the land at an execution sale held for the dual purpose of satisfying their judgment against such vendor and foreclosing an abstract of judgment lien created by virtue of such judgment, and that in reliance upon such representations he, Clay, repurchased the land from them. Appellant's suit was defended on two theories. First that appellant had no right or title to any sum which may be due under said executory contract, if it be conceded that any amount is due under such contract; and second, that by virtue of such execution sale all rights under the executory contract were extinguished. Appellant disputed these contentions, asserting that as grantee under a deed from Coursey (the original vendor in said contract of sale) appellant acquired all rights of Coursey under the previously executed contract of sale; that no judgment lien against the land in question was ever created; and that the writ of execution and sale thereunder did not operate upon such land.

The trial court entered judgment that appellant take nothing; that appellee take nothing on his cross action; and that the other appellees recover the amount deposited in the registry of the court by Clay as the amount due by him to the other appellees under the terms of said sale. From that judgment appellant perfected this appeal. So far as this record is concerned, Aubray Coursey was the original owner of the property here in question. The instruments here involved occurred in the following chronological order:

1. February 4, 1953, in Cause No. 11724 on the Potter County Court docket F. C. Jupe, John Jupe, Dan Jupe, Fred C. Jupe, and Woody Bruza d/b/a Jupe Motor Supply filed suit against Aubray Coursey to recover the

unpaid balance alleged to be due on a note in the principle sum of $420 alleging the note to be payable to such plaintiffs. The note as set forth in the petition was payable to Jupe Motor Supply.

2. March 3, 1953, judgment in said Cause No. 11724 was entered against Aubray Coursey and in favor of said individuals for the sum of $427.94 plus interest.

3. February 15, 1957, Aubray Coursey entered into an executory contract of sale with appellee, Clay, under the terms of which agreement Coursey agreed to sell and Clay agreed to purchase Lot 4 in Block 54 of Glenwood Addition, an addition to the City of Amarillo, Texas.

4. January 14, 1960, alias execution in said Cause No. 11724 was returned as purportedly executed by levy upon said Lot 4 in Block 54 of the Glenwood Addition.

5. January 15, 1960, Coursey conveyed said Lot 4 in Block 54 to appellant, the conveyance being made subject to the said contract between Coursey and Clay.

6. By letter dated March 10, 1960, appellant notified appellee Clay that he had purchased all of Coursey's interest in the contract for deed.

7. April 5, 1960, the sheriff sold said Lot 4 under the writ of execution returned January 14, 1960, conveying the same to John and Dan Jupe and Woodrow Bruza, who paid for same by crediting said judgment.

8. April 5, 1960, and after such sheriff sale, John and Dan Jupe and Woodrow Bruza entered into an executory contract to sell said lot to appellee, Clay.

In addition to the foregoing facts the uncontroverted testimony shows that on March 6, 1953, a purported abstract of judgment of said Cause No. 11724 was filed. The instrument being filed in the office of the Potter County clerk and recorded in Volume 10 and Page 247 of the Judgment Records. It was contended by appellant that the only issue here involved is whether or not Coursey's rights in the contract were lost or incumbered by the filing of abstract of judgment in said County Court No. 11724 and sale under execution issued in said cause and if not whether or not Coursey has conveyed his rights in said contract to appellant. It being the contention of appellant that because the abstract of judgment shows that Jupe Motor Supply owned the judgment while the judgment was taken in the individual names of the partnership and that the individual names were not properly indexed and because of such errors in the abstracting of such judgment there was no proper judgment lien established against said property.

This appeal is presented upon two points of error contending the trial court erred in refusing to render judgment in favor of appellant and against appellee Clay as prayed for because the undisputed evidence showed as a matter of law that such obligations were a valid and subsisting debt and in failing to enter judgment foreclosing the implied vendor's lien as prayed for in appellant's original petition because the undisputed evidence showed as a matter of law that it was a valid and subsisting lien securing a valid and subsisting obligation owned by appellant and sued upon in this cause.

The style of the suit in Cause No. 11724 was Jupe Motor Supply v. Aubray Coursey. The petition begins "Now comes, F. C. Jupe, John Jupe, Dan Jupe and Fred C. Jupe, Jr., Woody Bruza, doing business as partners under the partnership name of Jupe Motor Supply, all of Amarillo, Texas, hereinafter called plaintiffs, complaining of Aubray Coursey * * *." The note sued upon was made payable to Jupe Motor Supply. On March 3, 1953, judgment was entered in favor of the individual partners against Aubray Coursey. An abstract of judgment

was filed in the abstract of the judgment record in the office of the county clerk of Potter County, Texas, on March 6, 1953, at 4:45 o'clock p. m. If the abstracted judgment was proper in all respects and properly indexed, it became a lien upon any interest in the real estate owned by Coursey at that time.

There is no question here about the judgment becoming dormant as executions were issued keeping the judgment alive. The abstracted judgment showed Jupe Motor Supply as plaintiff and Aubray Coursey as defendant and was indexed under "J" for plaintiff, Jupe Motor Supply, and under "C" for defendant Coursey. While the judgment was abstracted as herein set out, Coursey on September 15, 1957 entered into an executory contract of sale with appellee Clay for the property here involved. On January 14, 1960, alias execution in Cause No. 11724 was returned showing levy by the sheriff upon the property here involved and on the next day, January 15, 1960, Coursey conveyed the property here involved to this appellant subject to the Clay contract. On April 5, 1960 the sheriff sold said property under the writ of execution conveying the property to John and Dan Jupe and Woodrow Bruza. On the same day, April 5, 1960, John and Dan Jupe and Woodrow Bruza sold the property to appellee Clay and Clay has paid them for the property. Appellant Thompson brought this suit against Clay to recover the balance due under the executory contract entered into between Coursey and Clay and for a foreclosure of an implied vendor's lien securing the payment of the unpaid balance.

The sole question here involved was whether the abstracted and indexed judgment was sufficient to establish a judgment lien against the property in question since the clerk's certificate shows the judgment was in favor of the plaintiff, Jupe Motor Supply, and indexed that way instead of naming all the plaintiffs. The purpose of abstracting and indexing a judgment is to place a person interested on inquiry as to the recorded instruments.

Taking into consideration the fact that the note sued upon in Cause No. 11724 was made payable to Jupe Motor Supply and that four of the members of the partnership doing business under the name of Jupe Motor Supply were named Jupe and the judgment abstracted being indexed under "J" showing Jupe Motor Supply as plaintiff and in the reverse index under "C" showing Coursey as defendant, we believe would have been sufficient to place anyone interested on notice of the judgment lien attempted to be placed against the property. We are familiar with the statutes requiring the things to be done in establishing an abstracted judgment lien. There is nothing in this record to show that appellant, a resident of Minnesota, ever checked the record or made any inquiry as to such record although his interest was obtained the day after execution was levied upon the property. We are of the opinion, however, that if there was not a properly abstracted judgment lien, appellant would have been entitled to recover.

It is stated in the case of Carver v. Gray, Tex.Civ.App., 140 S.W.2d 227 (writ dismissed, judgment correct), as follows:

"Our courts have said that the object of the statute is not to encumber the registry with full information concerning the abstract of judgment lien. That may be obtained from the judgment lien itself after it has been located by consulting the index. The latter is designed merely to indicate the source from which the full information may be obtained. It was not necessary that the capacity in which the receiver held the judgment be shown by the index. We think the statute was sufficiently complied with and that the document was indexed in such manner as fully to accomplish the purpose of the law. Willis v. Smith, 66 Tex. 31, 17 S.W. 247; Moseley v. Evangelical Theological College, Tex.Civ.App., 34 S.W.2d 638; Cooke v. Avery, 147 U.S. 375, 13 S.Ct. 340, 37 L.Ed. 209."

We have carefully examined this record and are of the opinion the procedure followed in the establishment of a judgment lien herein was substantially complied with such as to place anyone interested on inquiry and that equity requires an affirmance of the trial court's judgment. Judgment of the trial court is affirmed.