No. 6066

FLORENCE PEAK ET AL. *v.* M. T. BRINSON ET AL.

1. EQUITY MUST BE PLEADED.—In a suit for partition the title was put in issue, defendants claimed separate parts of the land and through a common vendor. An equity existed in favor of the common vendor who assigned it to one of the defendants, who pleaded the facts and asked relief. The other defendants pleaded not guilty. The facts supporting the equity were excluded. The judgment secured the defendant, holding the equity and pleading it in all of the land he claimed, on

appeal by the other defendants; *held* (1) that as the appellants had no pleadings to which the testimony was relevant they could not complain at the exclusion of the testimony, and (2) that the defendant who pleaded the facts could not complain, having judgment in his favor for all he claimed.

2. SEPARATE PROPERTY OF WIFE—CONVEYANCE.—The wife, by power of attorney to the husband, can not confer power upon him to convey her separate property. (53 Texas, 627, Conner v. Boutwell.)

3. COSTS IN PARTITION SUITS.—It is not error to award execution against parties taking in partition in decreeing partition. That parties so taking as heirs are also parties as legal representatives does not prevent such order.

APPEAL from Tarrant. Tried below before the Hon. R. E. Beckham.

This is an appeal by Florence Peak, Clara Walden and Ollie Peak against a judgment, their motion for new trial being overruled. The other defendants did not ask a new trial nor join in the appeal. The nature and result of the suit given in brief of appellants is adopted.

M. T. Brinson, T. H. Brinson, Mary Coleman, joined by her husband, T. S. Coleman, C. J. Burford and Nannie Burford, a minor, by her next friend, M. T. Brinson, and Thomas J. Johnson, instituted this suit in the district court of Tarrant county against Samuel W. Field, Sallie Field, W. T. Field, E. R. McLemore, M. W. McLemore, C. M. Peak and H. E. Cetti for partition of twelve and five-eighths acres of land, claiming one-fourth interest, situated in Tarrant county, Texas, in the city of Fort Worth, being out of the southwest corner of the S. G. Jennings survey.

M. W. and E. R. McLemore, W. T., Sallie and Sam Field all disclaimed. H. E. Cetti answered by a plea of not guilty and a special plea, and also a plea of the statute of five years limitation.

On the twentieth of March, 1885, the death of C. M. Peak was suggested of record, and the plaintiff filed a supplemental petition alleging the death of C. M. Peak; that he left surviving him his wife, Florence Peak, Clara Walden, Howard W. Peak, Lillie Peak and Olive Peak, his heirs—alleging the said Olive Peak to be a minor; alleged that C. M. Peak left a will, which had been legally and duly probated by the probate court of Tarrant county, Texas, and that the said Florence

Peak and Clara Walden were the executrices of the said will, and prayed to make the said parties defendants instead of said C. M. Peak.

Howard and Lillie Peak filed a disclaimer, and Clara Walden and Florence Peak, executrices of C. M. Peak, filed a plea of not guilty.

On the eighteenth day of September, 1885, the district court of Tarrant county appointed A. M. Carter guardian ad litem for Olive Peak, the said minor, who answered for said minor by a plea of not guilty.

There was a trial by jury, a verdict and judgment in favor of H. E. Cetti for the east half of said land, and for the plaintiffs for one-fourth of the west half of said land.

It was admitted on the trial below that both parties deraigned title through Vienna Field as common source; plaintiffs through her as her heirs, defendants by deeds. It was proven that Vienna Field was the wife of Sam Field, one of the defendants, and died without issue January 8, 1880, and that her husband, Sam Field, survived her.

The plaintiffs proved their relationship to Vienna Field, as alleged in the petition, showing heirship to one-fourth of her estate. It was proved by the defendants that on the fifteenth day of March, 1877, Emma and Zane Cetti executed a bond to C. M. Peak for title to the west half of the land in contest, and on the fifteenth day of March, 1879, by warrantee deed conveyed the west half of the land in contest to the said C. M. Peak.

Sam Field testified that the maiden name of his wife was Vienna Johnson; that he was married to her on March 28, 1871; that she died January 8, 1880; that during the life of his first wife he acted for her under a power of attorney and sold some of her separate estate; that he sold to Emma Cetti twelve and five-eights acres of land, a part of the S. G. Jennings survey of five hundred and twenty acres, the property in dispute, for the sum of seven hundred and twenty-five dollars. He testified that a part of the proceeds was applied to pay a note of two hundred and six dollars with interest, due Tidball, Van Zandt & Company, from himself and wife, secured by a deed of trust on the twelve and five-eighths acres of land; that the rest of the money was paid to him in cash, and that the deed of trust and the promissory note was paid by Mrs. Cetti as above stated. That when he sold the land to Mrs. Cetti she reserved

the amount of the note and interest from the purchase money and paid the balance; that the note for two hundred and six dollars was for borrowed money; that his wife was an invalid from a few months after his marriage until her death; that on account of her illness he abandoned his practice in order to care for her, and that the money raised on the note and that paid by Mrs. Cetti was used and applied by him in caring for her and trying to effect her cure; that his wife urged him to sell the land, saying that she wanted to secure all the benefits possible leading to her recovery; that the deed of trust was executed to secure the payment of said note of two hundred and six dollars, and that the money was wholly used in support of and in endeavors to cure his wife. The note was payable to Tidball, Van Zandt & Company.

Defendant offered to read in evidence the deed of trust made by Vienna and Sam Field, to K. M. Van Zandt to the land in contest, dated December 5, 1874; also the note of that date, made by Vienna and Sam Field, to Tidball, Van Zandt & Company, or order, for two hundred and six dollars, bearing interest at the rate of five per cent per month, said note being indorsed by Tidball, Van Zandt & Company, to J. P. Smith, and by J. P. Smith to Zane Cetti.

To the reading of this deed of trust the plaintiffs objected. First. Because irrelevant and immaterial. Second. Because the note was barred by limitation. The court sustained the objection, and excluded this evidence. The note was indorsed also by Zane Cetti.

*Carter & Wynne*, for appellants: The court erred in not allowing the defendants to read the deed of trust and note of Vienna and Sam Field to Tidball, Van Zandt & Co. (Haggerty v. McCanna, 10 C. E. Green, 50; Barrett v. Griffeth, 12 C. E. Green, 202; 5 Stewart, 104; 7 Stewart, 77.)

2. The court erred in charging the jury that the power of attorney from Mrs. Field to her husband and the deed made under it were void. (Marselis v. Vreeland, 4 Huls., 581; Duncan v. Smith, 2 Vroom, 325.)

3. The last error shown is fundamental and will be stated as a proposition. The court erred in rendering judgment against Florence Peak and Clara Walden for costs of suit and awarding an execution against them, they being made defendants by

plaintiff's supplemental petition, as the legal representatives of the estate of C. M. Peak, to wit, being the executrices.

No brief for appellee in the record.

Walker, Associate Justice. February 17, 1885, the appellees brought suit in trespass to try title and for partition, claiming together one-fourth interest in a tract of twelve and five-eighths acres of land.

All parties claimed under Vienna Field; the plaintiffs as heirs, the defendants through deeds. She was married to Dr. Sam Field in 1871 and died without issue January 8, 1880, her husband surviving. She left two sisters and the descendants of two others. The petition recognized the right of the surviving husband to one-half and of the two living sisters to one-eighth each of the property. They were made defendants with H. E. Cetti and C. M. Peak.

It appeared that December 5, 1874, the said Sam Field and his wife, Vienna, made their promissory note for two hundred and six dollars with five per cent interest per month, payable one month thereafter to Tidball, Van Zandt & Co. And to secure it they executed to K. M. Van Zandt, of the firm, of payees a deed of trust upon the land in controversy with power to sell. The money obtained by this note was used in necessary care for Vienna Fields, who, for the greater part of her married life, was an invalid. Interest was paid on the note to June 5, 1875, and six dollars upon the principal. July 29, 1876, Dr. Field and Vienna were still living together as man and wife when she made a power of attorney to her husband, giving him authority to sell her lands. The power was acknowledged in the statutory form.

Acting under this power of attorney, the husband sold the land in controversy, October 5, 1876, to Mrs. Emma Cetti for seven hundred and twenty-five dollars, of which was the two hundred dollar note secured by the deed of trust to Van Zandt, recited as bearing ten per cent per annum interest, and amounting to two hundred and twenty-five dollars, and which was assumed by the purchaser.

March 17, 1877, Emma Cetti and her husband, Zane, by their deed conveyed the east half of said land to the defendant, H. E. Cetti. The deed was duly recorded June 28, 1877, and the vendee has been in possession ever since, cultivating, using

and enjoying the same, paying all taxes thereon — thereby perfecting title under the statute of limitation under his plea of five years limitation.

March 15, 1877, said Emma Cetti and her husband executed their bond for title for the west half of said land to C. M. Peak, and on March 15, 1879, they executed to said Peak a warranty deed for the said west half. Subsequent to the death of Mrs. Vienna Field, the surviving husband conveyed, October 2, 1886, all his right in the land to defendant, H. E. Cetti. The two sisters, in April, 1884, deeded their interest to Emma Cetti. C. M. Peak died pending the suit, and his widow, Florence, and his daughter, Clara Walden, were ap· pointed in his will his executors. He left Clara Walden, Howard, Lillie and Olive Peak children, but by will this land was devised to Florence Peak, Clara Walden and Olive Peak. Howard and Lillie Peak disclaimed.

The money obtained from the sale of the land was used for support, etc., of the wife, as testified to by the surviving husband. The note was taken up by Mrs. Cetti at the purchase, and was set up by H. E. Cetti as an equity which, until it should be paid, would be a bar to the claim by the plaintiffs. Plaintiffs, in replication, among other things, pleaded that the note was barred by limitations.

The defendants Florence Peak and Clara Walden pleaded not guilty, and a general denial was interposed for the minor Olive Peak. On the trial the note—indorsed in blank by Zane Cetti, the husband, and Emma — and the deed of trust were offered in evidence, and objections were made to the testimony: first, because irrelevant and immaterial; second, the note was barred by limitation. The objections were sustained.

After the death of the maker of the trust deed it could not be foreclosed by the trustee, and was available as a security only through judicial proceedings. She died January 8, 1880. The equity claimed by reason of the unpaid note and security was pleaded September 29, 1886, and by H. E. Cetti alone. The statute of limitation had been pleaded. The defendants together were the acknowledged owners of three-fourths interest in the land, and upon the acquisition by H. E. Cetti of the east half of the land by limitation, the interest of the defendants increased to seven-eighths. The limit of possible claim to reimbursement from the plaintiffs would be one-eighth of the

amount of the note. The parties against whom, as a money claim, the note could have been urged were in court; all the heirs were parties. The proper pleadings to make available whatever of force might have been in the claim, and against the proper parties, were not in the record. We see no error in the holding of the court below that the testimony was irrelevant as well as immaterial, being barred by limitation.

Nor is the action of the court material error, if error at all, in striking out the trial amendment of defendant H. E. Cetti, alleging his ownership of the note and mortgage, and asking that it be declared a lien upon the land, and that partition be postponed, etc. This at least became immaterial when he recovered all the land he asserted claim to. The appellants, who lay claim to the west half, had only pleaded not guilty. Nor had they any connection with their co-defendant, H. E. Cetti, save that they held different parts from the same vendor. They have no interest whatever in the question, and can not complain of the ruling of the court.

Nor is the assignment well taken complaining that the court charged the jury that the power of attorney of Vienna Field to her husband and his deed under it were void as a conveyance of the separate property of the wife. This ruling was in accordance with the decisions of this court in Conner v. Boutwell, 53 Texas, 627. The defendants were not concluded by the conveyance of the wife's separate property made by the husband, acting under power of attorney from the wife.

The costs taxed against Florence Peak, Clara Walden and Olive Peak were so taxed against them as tenants in common taking in the partition, and in proportion to their interest. In such case it was not error to order execution to issue for the costs.

The judgment below is affirmed.

*Affirmed.*

Opinion delivered June 30, 1888.