## F. M. GRIFFIN v. JESSIE McKINNEY ET AL.

### Decided March 29, 1901.

**1.—Pleading—Foreign Law—Partition of Community Property.**

Where, in partition of community property, the defense is that defendant bought the property with money he had earned in a foreign State, under the laws of which such money was his separate property, he must plead such matters to admit evidence thereof and of the laws of such foreign State.

**2.—Practice in Trial Court—Withdrawing Announcement—Discretion.**

Since it is within the discretion of the trial court to allow a party to withdraw his announcement of readiness for trial for the purpose of filing an amendment, the action of the court in refusing such permission will not be reviewed on appeal.

**3.—Practice on Appeal—Foreign Law to Be Shown in Record.**

Where defendant's motion for new trial to permit him to introduce the laws of a foreign State (which he was unable to adduce at the trial) shows that such laws had been obtained, the refusal of the motion will not be held error where the laws so relied on are not shown in the record on appeal, so that it can be determined whether or not they sustain defendant's contention.

**4.—Community and Separate Property—Surviving Spouse.**

Where a surviving husband, after his wife's death, bought land and paid for it out of his earnings from a gin and farm that were community property, this did not affect the land with the character of community property, though the husband might be indebted to the community estate for the money invested in it.

**5.—Practice on Appeal—Motion for New Trial Below.**

The rule requiring that an objection questioning the sufficiency of evidence must be brought to the attention of the trial court in a motion for new trial, is not applicable where the trial is had before the court without a jury.

**6.—Homestead—Abandonment.**

See the opinion for evidence held sufficient to show that a rural homestead had been abandoned and another acquired in town.

**7.—Partition of Land—Description.**

In a partition of land a tract set aside to defendant as his homestead, which is not asked to be partitioned and is adjudged not subject to partition, is sufficiently described as the house and lot on which he was residing at the death of his wife.

Appeal from Collin. Tried below before Hon. J. E. Dillard.

*Abernathy & Mangum,* for appellant.

*W. C. Jones, F. E. Wilcox, J. M. Muse,* and *Hugh McClelland,* for appellees.

GARRETT, CHIEF JUSTICE.—This was an action for the partition of land alleged to belong to the community estate of F. M. Griffin and his deceased wife, S. J. Griffin, brought by a married daughter, Jessie McKinney, joined by her husband. The other children were made parties defendant, as follows: Katie Barnes, a feme sole, and Johnnie, Nora, Janie, Jim, Ed and Maggie Griffin, who were minors and for whom F. E. Wilcox was appointed guardian ad litem by the court. The petition described six tracts of land which were alleged to belong to the community estate of the appellant, F. M. Griffin, and his deceased wife, S. J. Griffin, and to be subject to partition. It was alleged that the homestead was not included in the tracts described, and that it consisted of another and different tract situated in the town of McKinney upon which the appellant then resided. Certain personal property was described in the petition, but as there is no controversy about it, no further notice will be taken thereof. The defendants, Katie Barnes and the minor children by their special guardian, adopted the pleadings of the plaintiff, and joined in her prayer for a partition of the property. After demurring to the pleadings, the appellant denied generally all the allegations in the petition and in the answers of Katie Barnes and the minor children, and especially answered setting up the right to have a homestead of 200 acres set apart to him, consisting of the tract of 160 acres and 40 acres of the adjoining land; and that the east half of lot 234, block 67, in the town of McKinney was his separate property. Trial was had before the court without a jury and resulted in a judgment in favor of the heirs of S. J. Griffin, decreeing a partition of all the land described in the petition, except the homestead in the town of McKinney.

As shown by a bill of exception reserved to the action of the court

during the trial, on Monday, April 9, 1900, and while the appellant was being examined as a witness by counsel for the plaintiff, he said that he owned the fifth and sixth tracts of land described in the petition before he came to Texas, and while he lived in the State of Georgia, and afterwards, on examination in his own behalf, he further said that he bought said land while he resided in Fulton County, Georgia, and that all the money used in paying for it he had brought with him when he moved to Texas, and that such money was earned by him while he resided in Georgia and during his marriage with his deceased wife. That the second tract was bought in exchange for another tract for which he paid also with money acquired in Georgia during the marriage and brought with him to Texas. The plaintiff objected to the evidence because the defendant had not pleaded that the land was his separate property, and the objection was overruled, and after hearing other evidence in the cause the court postponed further hearing until Saturday, April 14th, to enable the defendant to produce evidence of the law of the State of Georgia to show whether or not the money brought from Georgia and invested in the land was the separate property of the said F. M. Griffin. When the case was again called on Saturday, April 14th, one of the counsel for the defendant stated to the court that he had visited the city of Dallas, but had been unable to procure an authenticated copy of the laws of Georgia, but after diligent search had been able to find only one copy of the laws of said State, and that was an unofficial copy; that counsel had telephoned to the city of Sherman and caused diligent search to be made there, but no copy could be found in that city. Whereupon counsel asked for further time, but the plaintiff objected and argued to the court that the defendant should not be permitted to give said laws in evidence for the reason that he had not pleaded the same in his answer. The court thereupon announced that he had changed his opinion as to the admissibility of the laws, and held that the same would not be admitted because they had not been pleaded. Thereupon defendant's counsel stated to the court that the defendant, F. M. Griffin, had told them that said land was community property, and for that reason they had not pleaded specially that it was his separate property; and further, that the reason why the defendant stated to them that said land was the community property of himself and his deceased wife was that he supposed and believed that all property acquired during their marriage was community property, without regard to the funds paid for the same. Counsel further stated that the first time they had any knowledge, intimation, or belief that said land was the separate property of the said F. M. Griffin was during his examination upon the trial by plaintiff's counsel. As soon as the court announced his ruling that the defendant would not be permitted to offer in evidence the laws of the State of Georgia, counsel asked permission of the court to withdraw their announcement of ready for trial and postpone the cause, in order that they might amend their pleadings and procure an authenticated copy of said laws, stating to the court the dili-

gence they had used to procure the same as above set out; and that from the unofficial copy which they had seen it was their opinion that the money invested in said land was the separate property of the said F. M. Griffin. Thereupon the court stated that the trial had progressed too far for a postponement of the same, and overruled the motion and proceeded to render final judgment as above stated.

Appellant filed a motion for new trial, and on April 26, 1900, an amended motion for a new trial. The grounds for a new trial set up in the motion were (1) that the court had erred in decreeing the partition of the 160-acre tract, because it was the homestead of the defendant; and (2) that the court erred in not permitting the defendant to withdraw his announcement of ready for trial in order that he might amend his pleadings and procure an authenticated copy of the laws of Georgia, as would more fully appear from the bill of exceptions taken to the ruling of the court and to exhibits attached to the motion. The exhibits attached were the affidavits of the following parties: "A". T. F. Mangum, one of defendant's counsel, showing his diligence to procure a copy of the laws, etc., and that he did not know and had no knowledge that any of the land mentioned was the separate property of F. M. Griffin until it was developed on the trial of the case. "B". M. G. Abernathy, a member of the firm of Abernathy & Mangum, counsel for appellant, that he had no such knowledge until developed as above stated. "C". F. M. Griffin, that while he stated to his counsel that the land was community property, he did so because it was his opinion of the law that being bought during the marriage made it such; and that if he had known that it was his separate property, he would have claimed it. "D". Certificate of the clerk of the county court showing that on the margin of the deed records there appeared as to the tract of 45.66 acres receipt of payment of all purchase money by "note or otherwise, on this 7th day of April, 1883;" and as to the 85.54-acre tract receipt of payment of notes mentioned in the deed and release of interest in land, dated October 17, 1882. "F" and "G". Letters of attorneys in Georgia with reference to the procuring and forwarding of a "Code for Georgia of 1882." The motion for a new trial stated that said code had been received, and was then "offered in evidence, showing that the money which the said F. M. Griffin brought to Texas from Georgia and with which he purchased the 85.54 and the 45.66-acre tracts and the tract bought back from Black was his separate money, and that said property is now his separate property." The motion itself was not sworn to. The court overruled the motion for a new trial, and the defendant F. M. Griffin now seeks on this appeal a reversal of the judgment.

The appellant, F. M. Griffin, and S. J. Griffin, his deceased wife, were married in the state of Georgia, where they resided until October, 1882, when they moved to Texas ,and settled in Collin county. S. J. Griffin died in May, 1894, leaving as her sole heirs the children of herself and husband above named. At the time of the death of S. J. Griffin the

land described in the petition belonged prima facie and was shown by the testimony of the defendant F. M. Griffin to be the community estate of himself and his deceased wife, except the east half of lot 234, block 67, in the town of McKinney, which F. M. Griffin acquired after the death of his wife. Griffin came out to Texas in January, 1882, and bought the 85.54 acres and the 45.66 acres. When he moved to Texas he brought with him money on hand and money the proceeds of property, all acquired during the marriage in Georgia. Out of this money he paid for the tracts of 85.54 acres and 45.66 acres, and for a tract of 81.20 acres bought from John R. Black, October 10, 1882, the sum of $1624.20 of said money. This last tract he gave in exchange at that valuation for the 160-acre tract, paying in part of the additional consideration (the entire consideration being $4800) therefor the sum of $1000 out of said funds. This deed was dated September 13, 1883. The deeds to F. M. Griffin for the 85.54-acre tract and the 45.66-acre tract are dated January 26, 1882, and describe F. M. Griffin as "late of Fulton County, Georgia."

The appellant moved upon and occupied as his home the 160-acre tract until November, 1888, when he moved to the town of McKinney, where he afterwards resided upon property belonging to him. He testified that he had moved to McKinney for the purpose of educating his children, and intended to go back to the farm and place where he had lived as soon as convenient and after the education of his children; that about three years before the trial he had gone out to the farm and marked out a place with stakes to build a house and intended to move when he got able to build; and that for about three years he had been cultivating a part of the 160 acres and using the proceeds for the support and education of his family. Prior to that time he had rented it out. It was shown by other evidence that he had declared his intention to move back as soon as he got able to build. On the other hand, it was shown that he was engaged in business in the town; voted in the city elections and had run for alderman, and had recently bought a new home to which he had moved. He married a second time in 1897.

The action of the court below in refusing to allow appellant to withdraw his announcement of ready for trial so that he might amend his pleading and further postpone the trial of the case in order to enable him to procure evidence of the law of Georgia as affecting appellant's right of property in the money invested in the land that was sought to be partitioned as the community property of himself and his deceased wife, and afterwards, on the hearing of the motion for a new trial, to grant the same, so that the appellant might amend his pleading and put in evidence an authenticated copy of the Code of Georgia for 1882, was within the sound discretion of the court trying the case, and will not be revised by this court. Plaintiff's original petition was filed June 26, 1899, and at the time of the trial the cause had been pending on the docket for nearly ten months. Appellant knew that the money invested in the land was brought by him from the State of Georgia and invested

in the property, and his ignorance of the law, if in fact, under the law
of that State, the money was his separate property, can not furnish an
excuse for his failure to present the defense at the trial. While his
counsel may not have been aware of the fact that money acquired dur-
ing appellant's residence in Georgia was invested in the property, yet
they had sufficient time to learn all the facts in connection with the
case. The deeds on record conveying the land to the appellant de-
scribed him as "late of Fulton county, Georgia." The investment of the
separate funds of the appellant in the land, if such was the fact, would
make it his separate property, but it would have been a fact affecting
the title to the land which would have been easily ascertained by inquiry
like other facts that frequently affect titles with equities or rights not
appearing on the face of the title. There is no reason offered why the
defense was not made, except that in ignorance of the law the appellant
told his counsel that the land was the community property of himself
and his deceased wife, and that they relied and acted upon this state-
ment. The law of Georgia, and the investment of the funds, as facts
relied upon by the appellee to show that two of the tracts of the land
and an interest in another, were his separate property, should have been
pleaded to admit evidence thereof. Arnold v. Cauble, 49 Texas, 572;
Peak v. Brinson, 71 Texas, 310. It is within the discretion of the dis-
trict judge to allow a party to withdraw his announcement of readiness
for trial for the purpose of filing an amendment, and this discretion will
not be revised on appeal. Rev. Stats., art. 1188; Foster v. Smith, 66
Texas, 680. In Dublin v. Railway, 92 Texas, 535, the court below re-
fused to allow the plaintiff to withdraw her announcement during the
trial and plead coverture in reply to a plea of limitation. The Supreme
Court in passing upon the question say: "Whether Mrs. Warner should
be permitted to amend her petition after beginning the trial was within
the discretion of the district judge, and we have no power to revise his
action in the premises." Even if the appellant could have introduced
the evidence under the general denial, the application for a continu-
ance or postponement of the trial and the motion for a new trial were
addressed to the sound discretion of the court. The application was
an oral one, and a postponement was granted for five days. The motion
for a new trial showed that subsequent efforts to secure the code had
been successful, and that the code was before the trial judge, but under
all the circumstances we can not say that the court should have granted
the motion. The provisions of the code relied on to show that the
money was the separate property of the appellant are not in any man-
ner incorporated in the record so that it my appear whether or not the
contention of appellant was correct. It was stated in Oliver v. Robert-
son, 41 Texas, 422, that if the common law was the law of marital
rights in the State of Georgia at the time the money in question in that
suit was acquired, the property remained the separate estate of the hus-
band. But the courts can not take judicial notice of the law as it is in
another State,—it must be alleged and proved as a fact; and the land in

Texas having been acquired during the marriage is prima facie community property and subject to partition.

We do not think that the plaintiff succeeded in showing that the east half of lot 234 in block 67 was a part of the community estate. The deed for the lot was not in evidence, and the date of its conveyance is not shown. Plaintiff relied on the testimony of appellant to show the character of the title. It is true that he said, in giving his testimony: "I owned all the land described in plaintiff's petition at the time of my wife, S. J. Griffin's death." But in testifying particularly with reference to this lot, he said: "All the property described in plaintiff's petition was bought during the marriage of myself and my first wife, S. J. Griffin, except the east half of lot 234 in block 67, and designated in said petition as the third tract." He further testified as to the manner of the acquisition of the lot, and it appeared that he paid for it out of his earnings from the gin and farm after his wife's death. This would not, however, affect the lot with the character of community property, although the appellant might be indebted to the community estate for the money invested in it. Appellees have objected to the consideration of the assignment of error raising this question, because it was not brought to the attention of the trial court in the motion for a new trial. The rule of practice which requires this is based on the reason that the court has no opportunity to pass upon the question of fact in the absence of a motion when the case has been tried by a jury. It is made the duty of the court to enter its judgment in conformity with the verdict, whether correct or not. Clark v. Pearce, 80 Texas, 146; Telegraph Co. v. Mitchell, 89 Texas, 441; Railway v. Strycharski, 92 Texas, 10. Hence the rule can have no application where the facts are found by the court.

It appeared clearly and satisfactorily from the evidence that the homestead in the country had been abandoned and a homesead established in the town of McKinney, and that the land in the country was subject to partition. It is claimed that the court failed to describe the lot or tract set apart to Griffin as his homestead. It was not necessary to do so. This property was left out of the partition, both in the petition and decree, and it is sufficiently described for identification as the house and lot on which the appellant and wife and family were residing at the time of the death of his wife, and it was adjudged to be the homestead and not subject to partition.

For the error in holding the east half of lot 234, block 67, subject to partition as community property, the judgment of the court below as to that lot will be reversed, and judgment here rendered therefor in favor of the appellant, the costs of the appeal to be adjudged against the appellees. In all other respects the judgment of the court below will be affirmed.

*Reversed in part and affirmed in part.*