### GREEN et al. v. CHURCHWELL.
### (No. 6129.)

(Court of Civil Appeals of Texas. Austin.
April 7, 1920.)

**1. Partition ⟨⟩⟩⟩63(3)—Evidence held to make prima facie case in favor of daughter against widow.**

Proof by plaintiff in partition of a deed to her father, that the grantee was her father, that at the time of execution of the deed he was the husband of defendant, his widow, that he was dead, that plaintiff was his only child, and that defendant was his surviving wife, made a prima facie case for plaintiff entitling her to have half the land set aside to her.

**2. Partition ⟨⟩⟩⟩62 — Testimony of defendant widow that land was paid for by her inadmissible under general denial.**

In suit for partition by a daughter against her father's widow, wherein general denial was pleaded, testimony of defendant widow that the lands in controversy were paid for with her separate means was improperly admitted.

**3. Partition ⟨⟩⟩⟩16—Suit based on theory of common title not disputed ownership.**

A partition suit is based on the theory of a common title and not of disputed ownership.

**4. Trespass to try title ⟨⟩⟩⟩47(1) — Partition may be prayed for.**

Partition of land may be prayed for in a suit of trespass to try title where it is alleged plaintiff owns an undivided interest in the land, and that defendant has ejected him and denied his right of possession, but is merely incidental to the main action, which is to try title.

**5. Partition ⟨⟩⟩⟩17(2)—Suit may be converted into trespass to try title.**

A partition suit in ordinary form may be converted into trespass to try title by defendant's alleging right of possession in himself to all the land.

**6. Partition ⟨⟩⟩⟩62 — Allegation of ownership means legal ownership and must be established.**

Plaintiff's allegation in a partition suit that he is the owner of the land means that he is the owner of the legal title, and he must introduce evidence to establish the fact.

**7. Partition ⟨⟩⟩⟩56—Plea of not guilty without place.**

A plea of not guilty has no place in a partition suit.

**8. Partition ⟨⟩⟩⟩62—Plea of general denial requires plaintiff to prove only prima facie case.**

A plea of general denial in a partition suit only puts plaintiff on proof of facts necessary to make a prima facie case.

**9. Partition ⟨⟩⟩⟩62—Proof of equitable title inadmissible for defendant widow under general denial.**

A widow sued by a daughter for partition could not, under plea of general denial, show equitable title by proving the deed to her deceased husband offered in evidence by the daughter was other than what it purported to be, or that it was made to her husband in trust for her own benefit.

**10. Trespass to try title ⟨⟩⟩⟩35(2)—Proof of equitable title in widow by deceased husband holding in trust for her inadmissible under general denial.**

In trespass to try title by a decedent's daughter against his widow, wherein the latter pleaded a general denial, evidence of equitable title in the widow, showing that the deed to her deceased husband offered in evidence by plaintiff daughter was other than what it purported to be, or was made to the husband in trust for the widow's benefit, would not be admissible for her.

Appeal from District Court, San Saba County; W. M. Allison, Special Judge.

On motion for rehearing. Motion granted, judgment reversed, and cause remanded for new trial.

Walker & Burleson, of San Saba, for appellants.

Rector & Rector, of San Saba, for appellee.

JENKINS, J. [1] Appellant brought suit for partition of two tracts of land. The petition was in the form prescribed by article 6097, Revised Statutes. Appellant, to sustain her cause of action, introduced a deed to J. C. Churchwell, and proved that J. C. Churchwell was her father; that at the time of the execution of said deed he was the husband of defendant, Mrs. Lela Churchwell; that J. C. Churchwell was dead; that she was his only child; and that Mrs. Lela Churchwell was his surviving wife. This made a prima facie case, entitling her to have set aside to her one-half of the land in controversy.

Appellee was permitted, over objection of appellant, to offer evidence to the effect that the lands in controversy were paid for with her separate means.

Appellant objected to this testimony upon the ground that such fact was not pleaded, which objection was overruled. Such testimony was admitted, and upon special issue the jury found that the land in controversy was the separate property of appellee. Appellee pleaded only a general denial and a plea of not guilty.

[2-5] We are of the opinion that the court erred in admitting this testimony. A partition suit is based upon the theory of a common title, and not of disputed ownership. Sedgwick & Wait on Trial of Land Title, § 166. Partition of land may be prayed for in a suit of trespass to try title, where it is alleged that the plaintiff owns an undivided interest in the land, and that the defendant has ejected him therefrom, and denies his right of possession. McLean v. Moore, 145 S. W. 1074. But in such case partition is only an incident of the main action, which is

to try title. A partition suit in the ordinary form may be converted into a suit of trespass to try title by the defendant alleging title and right of possession in himself to the whole of the land in controversy. De La Vega v. League, 64 Tex. 205; Banks v. Blake, 143 S. W. 1184, 1185.

[6] In the absence of such allegation the part of defendant, a partition suit is not a suit to try title. It is true that the plaintiff must make out a prima facie case. His allegation that he is the owner of the land means that he is the owner of the legal title, and he must introduce evidence to establish this fact.

[7, 8] A plea of not guilty has no place in a partition suit. A plea of general denial only puts the plaintiff on proof of facts necessary to make a prima facie case. Mims v. Mitchell, 1 Tex. 447; Townes on Pleading, 365, 366, and 370.

[9] The only facts necessary for plaintiff herein to have made a prima facie case—that is, to show that she held the legal title to a one-half undivided interest in the land in controversy—was to prove the facts, which it is hereinbefore stated she did prove, and which were not denied by the defendant. The defendant could not, under a plea of general denial, show an equitable title in herself by proving that the deed offered in evidence was other than what it purported to be, or that it was, as defendant claimed, made to her husband in trust for her benefit. Wiedner v. Hell, 26 S. W. 781; Griffin v. McKinney, 25 Tex. Civ. App. 432, 62 S. W. 78.

[10] Not only is such evidence not admissible in a partition suit, but it would not be admissible in trespass to try title. In such case, if the defendant desires to prove equities outside of those disclosed by a deed, such equities must be pleaded. Groesbeeck v. Crow, 85 Tex. 200, 20 S. W. 49; Matthews v. Moses, 21 Tex. Civ. App. 494, 52 S. W. 113; Rippetoe v. Dwyer, 49 Tex. 506; Robbins v. Hubbard, 108 S. W. 775; Peak v. Brinson, 71 Tex. 310, 11 S. W. 269; Moody v. Rowland, 100 Tex. 370, 99 S. W. 1112.

The evidence introduced by appellee in this case was in the nature of confession and avoidance; that is to say, that she, in effect, said to the plaintiff, although everything that you have testified to is true, and these facts show a prima facie legal title in you, yet there are other facts which avoid the force of the deed under which you claim, and these other facts show an equitable title in me.

As shown by the authorities above cited, such facts could not be proven unless they were pleaded. The doctrine that defective pleadings may be cured by verdict and judgment, as stated in Ellis v. Howard, 35 Tex Civ. App. 566, 80 S. W. 633, cited by appellee,

has no application to the facts of this case.

For the reason that the court erred in admitting testimony hereinbefore referred to we grant appellant's motion for rehearing, and reverse and remand this cause for a new trial.