**CARVER et ux. v. GRAY et al.**

No. 5100.

Court of Civil Appeals of Texas. Amarillo.

Jan. 15, 1940.

Rehearing Denied Feb. 26, 1940.

Jack Payne, of Perryton, and G. C. Harney, of Sherman, for appellants.

J. W. Bookhout and Montgomery & Campbell, all of Dallas, for appellees.

STOKES, Justice.

On the 14th of October, 1933, Owen M. Murray, receiver of the North Texas Trust Company, recovered in the District Court of the 95th Judicial District at Dallas a judgment against appellant, E. C. Carver, in the sum of $674.80 upon a paving certificate that had been issued by the authorities of the city of Perryton, Ochiltree County, for paving the street in front of appellants' residential homestead. Foreclosure of the paving lien was denied upon the ground, as stated in the judgment, that the property was the homestead of the defendant, E. C. Carver, and on the 12th of December, 1933, an abstract of the judgment was issued by the clerk of the 95th District Court which was filed and recorded in the office of the county clerk of Ochiltree County on December 15, 1933, and in the office of the county clerk of Hutchinson County on the 20th of December, 1933.

The judgment was assigned by Owen M. Murray to appellee, Claude C. Gray, on the 22nd of November, 1935, and this suit was filed by appellee in the District Court of Ochiltree County on June 25, 1938. Appellee filed his amended original petition on November 28, 1938, and the purpose of the suit was to foreclose the judgment lien upon two town lots and the residence located thereon at Perryton in Ochiltree County and two other town lots located in the town of Borger in Hutchinson County. He alleged that appellants, E. C. Carver and wife, had abandoned the Perryton property as a homestead and removed to the town of Borger in Hutchinson County where they had acquired a new residence which they had continued to occupy as their homestead, and established a new business enterprise in which they had continued to engage.

Appellants answered by a general demurrer, a number of special exceptions, general denial, and specially denied they had abandoned their homestead property at Perryton.

The record shows that appellants with their family resided upon, used and occupied the Perryton property until the spring of 1928, when they, with their family, removed to Borger, in Hutchinson County, where they thereafter continued to live and were living at the time of the trial of this case on the 20th of December, 1938.

Appellee does not controvert the fact that the Perryton property constituted the homestead of appellants and their family until they removed to Borger, but contends that, upon such removal, it was abandoned as a homestead; that upon such removal appellants acquired, occupied and appropriated premises in the town of Borger as a homestead and abandoned the Perryton property as such; thus making it subject to his abstract of judgment lien. Appellants do not deny their removal to Borger as alleged, but contend that such removal was only temporary. They deny that they acquired the title to the premises at Borger, and contend that they maintained at all times the purpose and intention to return

to Perryton and occupy the premises as a homestead and that same was never at any time abandoned by them.

The case was submitted to a jury upon special issues, in answer to which the jury found in substance that appellants are the owners of the property occupied by them at Borger as a residence; that appellants removed from the Perryton property to the city of Borger with the intent and purpose of abandoning the Perryton property as their residential homestead, and that appellants were also the true owners of lots Nos. 39 and 40, in block No. 11, in the town of Borger on August 6, 1936. The significance of this last finding will appear in our discussion of the case.

Based upon the verdict of the jury, the court rendered judgment in favor of appellee, foreclosing the abstract of judgment lien upon the Perryton property and also the lots in Borger above mentioned. Appellants' motion for a new trial being overruled, they gave notice of appeal, and present the case in this court upon a large number of assignments of error and propositions of law. We think, however, that the material issues in the case may be disposed of under three general contentions, which are: First, that the trial court erred in overruling appellants' special exceptions to the pleadings; secondly, that the abstract of judgment was ineffective because improperly indexed; and, thirdly, the court erred in refusing to grant appellants' motion for a peremptory instruction and in overruling their motion for judgment non obstante veredicto.

Under their first contention appellants assert that their special exceptions to the petition should have been sustained because the petition merely refers to the judgment recovered against them in the district court of Dallas County and does not set out the judgment in haec verba nor contain a copy of it as an exhibit. They make substantially the same contention with reference to the abstract of judgment upon which the suit was based and also with reference to the assignment of the judgment by Owen M. Murray, the plaintiff therein, to appellee. Our system of pleading permits, but does not require, a written instrument which constitutes, in whole or in part, the cause of action sued upon or the matter set up in defense to be made part of the pleadings by copy or the original being attached and referred to as such in aid or explanation of the allegations in the petition or answer, but no other instruments of writing, such as deeds, wills, records of courts or agreements which are not sued upon and do not form the basis of a cause of action by the plaintiff or a matter of defense relied upon by the defendant, are required to be copied in, or even permitted as exhibits to the pleading. Indeed, the rules provide that when documents of the latter character are attached, the court will of its own motion or at the instance of a party cause them to be detached and adjudged to constitute no part thereof. The purpose of the rule is to prevent the pleadings from being encumbered with that which is or may be only the evidence of the case. Rule 19 for District and County Courts, 142 S.W. xviii; City of Paris v. Bray et ux., 107 Tex. 188, 175 S. W. 432; White v. Porter et al., Tex.Civ. App., 78 S.W.2d 287.

The only document involved in this contention which could in any sense be considered permissible as an exhibit to the petition was the abstract of judgment. The rules do not require, but only permit, the attachment of such an instrument. It has always been permissible to plead instruments of the character mentioned without copying them or attaching the originals or copies thereof to the pleading provided the pleading is of a character sufficient to apprise the court and the opposite party of the nature of the instrument. Appellee alleged that the clerk of the District Court of Dallas County made out, certified, sealed and delivered to O. M. Murray, plaintiff in judgment, the abstract of judgment showing the names of the plaintiff and defendant, the number of the suit in which the judgment was rendered, the date and amount thereof, and the balance due thereon, together with the amount of court costs and rate of interest specified. He further alleged that the abstract of judgment was presented for filing, recording and indexing to the county clerks of Ochiltree and Hutchinson Counties, and that it was filed, duly indexed and recorded in the abstract of judgment lien records of both counties. The petition was amply sufficient to warrant the court in permitting the introduction in evidence of the abstract of judgment. Likewise, the other instruments referred to were fully described in the petition and all of the information necessary to inform appellants of the nature thereof and to warrant the court in permitting their introduction was

included in the allegations. This contention of appellants is, therefore, without merit and their assignments of error in respect thereto are overruled.

■■ Under the next group of assignments appears appellants' second contention that the court erred in overruling their objections to the introduction of the abstract of judgment lien. The basis of the objection was that the document did not properly appear upon the index of the abstract of judgment liens in Ochiltree and Hutchinson Counties as provided by Art. 5448, Vernon's Annotated Civil Statutes. In the direct index of the Hutchinson County abstract of judgment liens the judgment was entered under the letter "M" as "Murray, Owen M., Receiver" as plaintiff, and "E. C. Carver" as defendant, giving the page as number 248. It was also entered under the letter "N" "North Texas Tr. Co., by Receiver", as plaintiff, and "E. C. Carver" as defendant, giving the page as number 248. In the reverse index the judgment is entered under the letter "C", giving "Carver, E. C." as defendant, and "Owen M. Murray, Receiver of N. Tex. Tr. Co.", as plaintiff, the page being shown as number 248. The index of the judgment lien records of Ochiltree County shows that the judgment was indexed in that county in substantially the same manner as is shown by the index of Hutchinson County. The complaint made by appellants of the manner in which the document is indexed is that the plaintiff in judgment was shown merely as Owen M. Murray as receiver and does not show the name of the company of which he was receiver, and that when the company of which he was receiver was shown it was merely designated by initial and abbreviation as "N. Tex. Tr. Co." Our courts have said that the object of the statute is not to encumber the registry with full information concerning the abstract of judgment lien. That may be obtained from the judgment lien itself after it has been located by consulting the index. The latter is designed merely to indicate the source from which the full information may be obtained. It was not necessary that the capacity in which the receiver held the judgment be shown by the index. We think the statute was sufficiently complied with and that the document was indexed in such manner as fully to accomplish the purpose of the law. Willis v. Smith, 66 Tex. 31, 17 S.W. 247; Moseley v. Evangelical Theological College, Tex.Civ.App., 34 S.W.2d 638; Cooke v. Avery, 147 U.S. 375, 13 S.Ct. 340, 37 L.Ed. 209.

The substantial and principal question raised by the appeal is presented by the third contention of appellants which is to the effect that the court erred in refusing to give to the jury a peremptory instruction in their favor at the close of the testimony and, their motion for a peremptory instruction being overruled, the court erred in overruling their motion for a judgment non obstante veredicto after the verdict was returned. Under the assignments and propositions raising this question appellants contend that the undisputed evidence showed the town lots and residence at Perryton in Ochiltree County were their homestead and that all of the evidence to the contrary was founded upon conjecture, surmise and suspicion. It is true that the record shows without controversy that, up until the time appellants removed from Perryton to Borger in the spring of 1928, the property at Perryton constituted their homestead. They had appropriated it as such and used it as their home and place of residence for the family for a number of years. Appellant Carver testified in substance that he intended at all times after removing to Borger to return to Perryton at some time and reoccupy his property there as his home. He said that he had not acquired nor appropriated any other property at Borger or elsewhere as a home and that, in his judgment, the town of Borger, being supported almost exclusively by the oil and gas industry, which was, as a rule, temporary in its nature, would sooner or later "blow up", by which he evidently meant it would probably disappear altogether or disintegrate and ultimately become a town or community of very few inhabitants. He said that, if Borger should encounter such experience or the community should become such as that it would not support the undertaking business in which he was engaged, it was his purpose and intention to return to Perryton and reoccupy as his homestead the premises from which he had removed.

Of course, no one could know the secret intentions and purposes of appellants except themselves and, as asserted by them, this testimony of Mr. Carver was the only direct and positive testimony in the case concerning his intentions. The evidence showed, however, that the property had not

been used as a homestead since the spring of 1928; that it had been rented to tenants during all that time and that Mr. Carver paid his poll taxes in Hutchinson County and voted at Borger during all of the time. He had not paid any poll taxes nor voted in Ochiltree County and had not rendered his property there for taxes as a homestead nor claimed the exemption from state taxes allowed by law. The testimony showed, furthermore, that on June 1, 1935, a residence in the town of Borger was purchased for the sum of $525 and conveyed to appellants' son, an unmarried boy of the age of seventeen years. Immediately thereafter appellants, at their own expense, remodeled the residence at Borger, added two rooms to it, and occupied it as a place of residence continuously thereafter. E. C. Carver testified that this Borger property belonged to his son and that it was paid for partly with money earned by the son. He said that the balance of the purchase price was taken from a fund which he himself had accumulated to be used in paying the son's expenses in college. The exact amount paid from earnings of the son was inconsequential, however, and the testimony concerning the amount paid out of a specific fund created to pay the son's expenses in college was indefinite and uncertain. It was further shown that, although in a bad state of repair, no improvements had been made upon the Perryton property since the family moved to Borger and that the Borger property was rendered for taxation in the name of appellants' son but rendered by E. C. Carver, and that at least one year it was designated by him as a homestead. The tax assessor of Hutchinson County testified that E. C. Carver signed the rendition in his presence and that he asked Mr. Carver if he wished to claim the homestead exemption, to which he replied in the affirmative. It was further shown that in 1938 Mr. Carver contracted to sell the Perryton property for a cash consideration of $1,000; that he had an undertaking business in the city of Borger and that the only condition upon which he expected to return and again occupy the Perryton property was the disappearance or disintegration of the town and community of Borger, which, to say the least, was an indefinite and uncertain contingency.

The rule of law is well established that when a family removes from the homestead and rents it to others, the mere renting, of itself, does not destroy the homestead character of the property. One has a right to vacate the homestead and rent it to others and still retain his right of exemption as against creditors if he, in good faith, intends at some future time to return and again occupy it as his home. He may leave on visits of business or pleasure or for the education of his children or temporarily to acquire a more favorable location and means to improve his condition or for the subsistance of his family, and unless he vacates it under circumstances showing an abandonment of it as a homestead, it still retains its homestead status. Shepherd v. Cassiday, 20 Tex. 24, 70 Am. Dec. 372. Renting of the homestead, prolonged absence, and other circumstances and conduct of the owner of a homestead, are, however, proper subjects to be considered in determining the question of abandonment, and the actions and conduct of appellants in this case, detailed by the testimony, were sufficient to bring into question the declaration of appellant, E. C. Carver, that it was and had continuously been his purpose and intention to return and again occupy the Perryton property as his home. Such matters are always questions of fact to be determined by the jury and the court did not err in overruling appellants' motion for a peremptory instruction. Thornton v. Wear, Tex.Civ.App., 202 S.W. 1038; Griffin v. McKinney, 25 Tex. Civ.App. 432, 62 S.W. 78; Kutch et ux. v. Holley, 77 Tex. 220, 14 S.W. 32; Hinton et al. v. Uvalde Paving Co., Tex.Civ. App., 77 S.W.2d 733; Silvers et al. v. Welch, 127 Tex. 58, 91 S.W.2d 686; Guthrie v. Texas Pacific Coal & Oil Co., 132 Tex. 180, 122 S.W.2d 1049.

The question raised by appellants upon the action of the court in overruling their motion for a judgment non obstante veredicto is controlled largely by the same principles as those which we have discussed. Unquestionably the record presented a case which the court was required to submit to the jury. The testimony of appellant, E. C. Carver, to the effect that he retained at all times the purpose and intention to return and reoccupy the Perryton property as his homestead, controverted by the facts alleged and proved concerning his acts and conduct with reference to his residence at Borger, in Hutchinson County, made an issue which the court was required to submit to the jury. The question was submitted to the jury under special is-

sue No. 2, which inquired of the jury if appellant, E. C. Carver, removed from the Perryton property to the city of Borger with the intent and purpose of abandoning the property at Perryton. This issue was answered in the affirmative by the jury and, it being a controverted question of fact, we are not authorized to disturb it. Appellants strongly contend that they did not acquire another homestead in the city of Borger and that the property occupied by them at Borger did not belong to them but belonged to their minor son. It was not controverted that the property was conveyed to the son and stood upon the records of Hutchinson County in the son's name, but the circumstances under which it was purchased warranted the jury in concluding that it really belonged to E. C. Carver. If any money belonging to the son was used to pay for the property, the amount was inconsequential, and even though a part of the purchase price consisted of money which was withdrawn from a fund created by the father to defray the expenses of his son in college, it does not necessarily follow that it was money belonging to the son, but rather the contrary conclusion would be the natural one. The fund was no doubt created by the father. It had not been delivered to the son but was retained by the father for the purpose of defraying the college expenses. It was still, therefore, the property of the father and its use merely diverted from the purpose which he had in mind when it was created.

In our opinion no error was committed by the court in overruling the motion of appellants for a judgment non obstante veredicto, and their assignments of error raising this question are overruled.

█ The record shows that two other lots in the town of Borger, lots Nos. 39 and 40 in Block No. 11, had been conveyed to appellant, E. C. Carver, by one W. A. Henderson and wife which appellants claimed Mr. Carver was holding in trust for the corporation of which he was an officer. Appellants assail the judgment of the court in foreclosing the abstract of judgment lien upon these lots. The question of whether or not Carver was the true owner of these lots or whether he was holding them in trust for another was submitted to the jury and they found that the lots belonged to E. C. Carver. There was ample testimony to support such finding and it, therefore, must be considered final.

█ Appellants make the contention that the effect of the suit, if appellee should prevail, would be to divest E. C. Carver, Jr., their son, of the title to the residence property at Borger, where they reside and which was conveyed to the son and stands in his name upon the records of Hutchinson County. They assert that the son was, therefore, a necessary party to the suit and no valid judgment could be rendered in the absence of his having been made a party defendant or his appearance in some legal manner.

We cannot accede to this contention. The purpose of the suit was to foreclose the abstract of judgment lien on the two lots and residence property at Perryton and lots Nos. 39 and 40 in block No. 11 of the town of Borger. These latter lots were not the property upon which appellants maintained their residence at Borger, but were lots that had been conveyed to the appellant, E. C. Carver. The residence property at Borger was the property of which the son held the legal title and the title to that property was involved only in an incidental manner as between the parties to this suit. The contention of appellee that appellants were the equitable owners of it and the testimony offered in support of that contention constituted merely one of the circumstances which he contended established the fact that appellants had abandoned the former homestead at Perryton. This was a matter of no legal consequence to E. C. Carver, Jr., and did not constitute an adjudication of the title to the property of which he held the legal title. He had no justiciable interest in the subject matter of the suit and was, therefore, not a proper party to it. Dallas Power & Light Co. v. Carrington, et al., Tex.Civ.App., 245 S.W. 1046; Collin County School Trustees v. Stiff, Tex. Civ.App., 190 S.W. 216.

We have carefully examined all of the assignments of error, propositions of law and contentions made by appellants in the exhaustive brief filed by them and, in our opinion, no error is revealed by any of them. The judgment of the court below will, therefore, be affirmed.